Argued March 6, affirmed April 12, petition for rehearing
denied May 10, United States Supreme Court
denied certiorari October 9, 1967

## STATE OF OREGON, *Respondent, v.*
## RAYMOND CHARLES SMITH,
### *Appellant.*

426 P. 2d 463

*Howard R. Lonergan,* Portland, argued the cause
and filed briefs for appellant.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and BELLONI,* Justices.

## SLOAN, J.

Defendant was convicted of murder in the first degree. While he was in jail awaiting indictment his attempts to commit suicide and other conduct caused the police to request the court that he be committed to the state hospital for safekeeping. Defense counsel and defendant participated in the hearings before the presiding judge in regard to defendant's safekeeping and agreed to a change of custody to the state hospital. The state also requested that the order transferring defendant to the state hospital should provide that defendant be examined by psychiatrists while he was confined in the state hospital to determine if defendant was able to discriminate between right and wrong and if he was capable of assisting in his defense. When the court specifically asked counsel: "Well, does the defendant have any objection to the form of order Mr. Hampton suggests be entered,— * * * that he be committed to the Oregon State Hospital for the purpose of determining his ability to assist in his own defense and determining the position as to whether or not he was mentally competent to know the difference between right and wrong at the time he committed the crime?" Counsel replied:

---

* Belloni, J., did not participate in this decision.

"No, I have no objection to that." The order entered by the court provided for the examination.

Before defendant was examined by the hospital staff, one of the psychiatrists called defense counsel and informed him that defendant was to be examined and questioned for the psychiatric purposes expressed in the court's order. Defendant was not questioned for several days thereafter. Defense counsel made no protest to the examination, either to the court or to the psychiatrist. The psychiatrist reported to the court that defendant was able to understand right from wrong and was capable of participating in his defense. After this report was filed with the court, defendant entered a plea of not guilty by reason of insanity and served the statutory notice of that defense. Additional psychiatric examinations were made after the plea and before trial.

At defendant's trial, counsel objected to the testimony of the examining psychiatrist on the ground that the examination was made without counsel being present and that defendant was compelled to submit to the examination by the court order. The objection was not directed to any specific testimony of the psychiatrist. It was a general objection made to any testimony being received from the psychiatrist. The court overruled the objection and this is the basis of most of the argument on appeal.

The assignment of error is patently without merit. If there was any basis at all for the objection as made it was waived by the prior failure to object when the order was made and his failure to protest either to the court or to the psychiatrist when he had the opportunity before the examination. This is so even though the full purport of the court's order may not have been

clear to counsel when he voiced no objection to the court at the time of the hearing. It certainly was clear to him that the examination was to be made when he was so telephonically informed by the psychiatrist at the state hospital.

Because of our decision we specifically do not decide that *State v. Phillips,* 1967, 245 Or 466, 422 P2d 670, requires that counsel must be present when the psychiatric examination is made.

The other assignments are either related to the above assignment or concern questions that the court has decided many times.

The judgment is affirmed.