Argued January 26, affirmed April 9, petition for rehearing
denied May 12, 1970. Petition for review denied
by Supreme Court June 23, 1970

## STATE OF OREGON, *Respondent, v.*
## WILLIAM GROVER CANADAY,
*Appellant.*
467 P2d 666

*Kenneth C. Hadley, Jr.,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Lee S. Werdell,* Deputy District Attorney, Medford, argued the cause for respondent. With him on the brief was Justin M. Smith, District Attorney, Medford.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

FORT, J.

Defendant was indicted, tried and convicted by a jury of the crime of unlawful possession of marihuana. ORS 474.020. Defendant duly entered a plea of not guilty by reason of insanity. Each of the three assignments of error arises out of that aspect of the case.

Competent evidence showed that some years prior to the defendant's arrest upon this charge he had been confined to Atascadero State Hospital in California for approximately four and one-half months pursuant to an adjudication in a criminal matter as an insane person. At the time he was released from there he was discharged as mentally fit. There was no evidence

that thereafter any subsequent proceeding had adjudicated him as insane or caused him to be confined in a mental institution.

Following his plea in this case the court appointed two psychiatrists to examine him. Based on their report he was committed to the Oregon State Hospital until he was able to assist in his own defense. After a stay of more than two weeks he was returned to the court for trial.

At the trial the two psychiatrists who had examined him before he was sent to the Oregon State Hospital were called by the defendant. One testified that the defendant was a "schizophrenic, chronic undifferentiated type." The second psychiatrist testified that defendant's problem had probably been "episodic in nature." Each said he was insane at the time the crime was committed.

The third psychiatrist, who had had the defendant under his care at the Oregon State Hospital, testified that the defendant was not insane at the time the crime was committed. All agreed that the type of mental condition from which the defendant had suffered was the result of his habitual use of drugs.

The first assignment of error is that the court failed to instruct the jury that once insanity has been shown to have existed it is presumed to continue. In the case of *State v. Garver,* 190 Or 291, 225 P2d 771, 27 ALR2d 105 (1950), the Supreme Court held it was reversible error to refuse to give such an instruction in a case of habitual or chronic insanity. Here the state contends first that since there was no request made for such an instruction, and no exception taken to the failure to give it, it is not properly before this court. Second, it contends that here it was at best a

disputed question of fact whether the defendant's insanity was of an habitual nature so as to entitle him to such an instruction even if requested.

Defendant asks us to invoke Rule 46 and urges in support that it is a "harsh" statute which imposes upon a defendant the burden of proving his own insanity. ORS 136.390. Defendant does not challenge the authority of the legislature to so provide. At the time *State v. Garver,* supra, was decided, the defense was required to be established beyond a reasonable doubt. § 26-929, OCLA. This was held constitutional in *State v. Grieco,* 184 Or 253, 195 P2d 183 (1948).

■ We do not think defendant's claim that the statute is a "harsh" one warrants a departure from the settled rule that except in egregious instances we will not consider error not legally excepted to. *State v. Hollingsworth,* 2 Or App 186, 465 P2d 490, *review denied,* (1970). We therefore do not consider it.

■ The second assignment of error asserts in effect that the defense of insanity was established by a preponderance of the evidence as a matter of law. Since there was a clear conflict in the opinion testimony of the three psychiatrists concerning this matter, it was a question for the jury. Indeed the defendant in oral argument conceded that if certain testimony of the state's psychiatrist was properly in evidence, then the matter was correctly submitted to the jury. This matter constitutes the third assignment of error, which we now consider.

This assignment asserts error was committed because the state's psychiatrist testified to "incriminating admissions" made by the defendant to him in the hospital while the defendant was under his care.

Following testimony of two psychiatrists called out of order by the defendant, the state called Dr.

George R. Suckow, a psychiatrist, who had examined the defendant and had been his supervising doctor during the two-week period he was confined under observation at the Oregon State Hospital pursuant to the order of the court. During examination of the defendant, Dr. Suckow testified as follows:

"Q And did you take a personal history from the defendant?

"A Yes, I did.

"Q How far back did you go with this history?

"A Well, we went back to the time he was born, essentially, and what he could remember thereafter.

"Q And you took this in order to aid you in your diagnosis of the defendant, did you?"

He then related what the defendant had told him concerning the offense charged and his arrest therefor.

We note first that no objection was made to any portion of this testimony, nor was any request made to strike any part of it after it was given.

Subsequently, following a lengthy cross-examination Dr. Suckow testified on redirect examination:

"Q As I understand, Doctor, one of the primary facts upon which you base your opinion that on January 7 he did know the difference between right and wrong was the fact that he related to you or described to you the circumstances of his arrest including the fact that he was aware that he had been arrested for possession of marijuana, that he was aware that this was prohibited and that he indicated to you that had he had time to do so, he would have thrown the marijuana out of the car? As I understand it, that's one of the facts upon which you base your opinion, is that right?

"A That's correct."

Again we note that no objection was interposed nor request thereafter made to strike any portion of that testimony.

In this case, Dr. Danielson, called as a witness by the defendant prior to Dr. Suckow, testified on direct examination:

"Q Did you inquire of the defendant the nature of his arrest, for example?

"A Yes, but this was very vague and very difficult to get him to adequately describe.

"Q Did you ever satisfactorily understand the circumstances which brought him to jail?

"A It was difficult to get him to talk directly about this."

The defendant also called as a witness Dr. Luther, a psychiatrist, who testified also before Dr. Suckow was called. He stated:

"Q Now, would you tell the jury what he was able to tell you about his arrest?

"A Well, as I say, this was a little vague in his mind. I shouldn't say that for sure. It's vague in my mind. I felt it was vague in his mind. He felt that the arresting officers should not have arrested him because he had decided, he said, that he was going to give up the use of marijuana and he felt, therefore, that the police should not have apprehended him. This was actually the gist of the statement he made.

"Q Was he able to orient himself to the events that occurred at or about the time of his arrest, insofar as describing to you the procedures of the arrest, for example?

"A I did not go into this with him, to the best of my recollection."

As stated, both Dr. Danielson and Dr. Luther testified prior to the time Dr. Suckow did.

■ Here, then, when the challenged testimony was received, the defendant himself had called two psychiatrists, each of whom on direct examination had testified to what the defendant had told him concerning both the circumstances of his arrest and his thoughts and impulses at that time. We think the state, then, had the right to have its own psychiatrist relate what the defendant had told him concerning the same matters.

In *State v. Smith,* 248 Or 56, 426 P2d 463, cert den 389 US 849 (1967), the court considered the question of waiver. There the defendant had been charged with first degree murder. His conduct in jail led to his commitment to the Oregon State Hospital "for the purpose of determining his ability to assist in his own defense" and to determine "whether or not he was mentally competent to know the difference between right and wrong at the time he committed the crime." His counsel stated he had no objection to the order. Following his return from the hospital he entered a plea of not guilty by reason of insanity. While in the hospital he was examined by a psychiatrist with the knowledge in advance of his attorney. No objection was made by the attorney, nor was there any request that he be allowed to be present at the interview. On defendant's return from the hospital he entered a plea of not guilty by reason of insanity. At trial, defendant objected to the testimony of the examining psychiatrist, both because of the absence of counsel and because he was compelled by the court order to submit to the examination.

The Supreme Court there held:

"The assignment of error is patently without merit. If there was any basis at all for the objection

as made it was waived by the prior failure to object when the order was made and his failure to protest either to the court or to the psychiatrist when he had the opportunity before the examination. This is so even though the full purport of the court's order may not have been clear to counsel when he voiced no objection to the court at the time of the hearing. * * *" 248 Or at 58-59.

In the case at bar the pretrial hearing for commitment and examination was requested by the defendant. It was allowed. No request was made by counsel to be present at the examination. At the trial both of the defendant's psychiatrists testified on direct examination concerning the statements he had made to them about the arrest and the circumstances of the crime. Thereafter the state's psychiatrist testified concerning the identical matters. No objection was made to any of this testimony.

■ We hold here that there was a waiver both by the failure to make any objection to the receipt of the evidence either at the trial or in the preliminary proceedings, and because the defendant himself opened up the very matter now objected to in his case-in-chief.

The judgment is affirmed.