Argued June 26, affirmed July 27, petition for rehearing denied
August 23, petition for review denied October 17, 1972

STATE OF OREGON, *Respondent, v.* FRANK
MANAS STALEY (No. C 71-03-0769 Cr),
*Appellant.*
499 P2d 1343

*Ken C. Hadley,* Deputy Public Defender, Salem,
argued the cause for appellant. On the briefs were

Gary D. Babcock, Public Defender, Salem, and Howard R. Lonergan, Portland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

SCHWAB, C.J.

Defendant, having been found guilty by a trial judge sitting without a jury with the crime of assault with intent to commit rape, former ORS 163.270, appeals. His assignments of error are: (1) the trial court's denial of defendant's motion for judgment of acquittal:

> "* * * I would object to the imposition of sentence in this case on the ground that a special verdict of your Honor did not include the requisite intent of guilt under the Statute, and I would ask that a judgment of acquittal be entered on the special verdict.";

and (2) the trial court's denial of the following motion for a new trial:

> "Defendant moves for a new trial *by jury* for irregularities in the proceedings on the part of the Court and adverse party by which defendant was prevented from having a fair trial, misconduct of the prevailing party and surprise which ordinary prudence could not have guarded against." (Emphasis supplied.)

The prosecutrix testified that defendant "picked her up," took her to a remote place in an automobile, then put a knife to her throat and threatened to slit it

if she did not submit to sexual intercourse. She then jumped out of the car and ran away. The defendant testified as a witness on his own behalf. He admitted a prior conviction of rape and several other convictions, and essentially admitted the prosecutrix's story except that he denied making any threat, having any weapon or any intent to ravish.

■ The motion for a new trial was supported by an affidavit of the defendant, reading:

"* * * * * *

"1. Upon the pre-trial conference before Judge Jones on October 14, 1971, my counsel was assured by the Judge that an open file policy was in practice. My counsel requested the police reports reflecting the complainant's story to the police.

"Chief Deputy District Attorney Barton furnished my counsel the second report wherein she recounted the knife to her throat, but did not furnish the earlier report in which this was omitted.

"From this my counsel and I determined that I would have to be a witness to deny the knife, and since I had a prior conviction of rape, although not guilty of that, I could not risk a jury trial and would have to waive a jury.

"If I had known of this prior statement, I would have insisted on a jury trial and not become a wit ness, relying on this prior inconsistent statement of the complainant, who was a 'topless go-go dancer'.

"* * * * * *."

Defendant's argument on his second assignment of error is essentially contained in the above affidavit. The police report in question was given to defense counsel during the state's case in chief immediately prior to the cross-examination of the prosecutrix. De-

fense counsel saw that the report contained no reference to a knife, and cross-examined the witness about this fact. Subsequently, defendant took the stand to deny that he used a knife or, indeed, any force in his attempt to "pick up" the prosecutrix. Defense counsel argued to the court that the absence of any reference to a knife in the police report cast doubt on the victim's story. As a matter of fact, the trial court ultimately concluded that while he believed the defendant did hold something against the prosecutrix's throat, he did not believe it was a knife.

After becoming aware of the contents of the police report, defendant never objected to the court's continuing to hear the case, never sought to withdraw his waiver of trial by jury by motion for a mistrial or otherwise, and never intimated in any way that his waiver of a jury was in any way affected by his alleged ignorance of the police report in question. Only after the decision proved adverse to him did the defendant claim that he had been misled into waiving a jury.

Assuming, *arguendo*, that the defendant was misled as to the information contained in the police report, and that this would have entitled the defendant to withdraw his waiver of a jury under other circumstances, defendant clearly waived any such right and he is estopped from now urging this matter as error. *Cf. United States v. Myers*, 381 F2d 814 (3d Cir 1967), *cert denied* 390 US 973 (1968); *City of Portland v. Olson*, 4 Or App 633, 481 P2d 641, Sup Ct *review denied* (1971); *State v. Hollingsworth*, 2 Or App 186, 188, 189, 465 P2d 490, Sup Ct *review denied* (1970).

We now turn to the first assignment of error. At the conclusion of the trial the trial judge made some

comments from which we excerpt the pertinent portions:

"THE COURT: Well, I'm going to make some specific findings along the lines I just said. I'll just adopt the things I stated a little while ago.

"* * * * * *

"I further find that he [the defendant], somewhere, at least on 52nd and Division—oh, roughly in that area—began to follow the bus; that he did accost her by using a flashing red light, again in the vicinity of 72nd and Harold; that he did take her in the car out to North Portland in St. Johns, stopping at the East Precinct station, having stopped for the issuance of the citation.

"* * * Shortly after that, he put his hand on her jaw and something metallic against her neck; that he did make a threat in the words testified to;

"That she did at that point pretend to go along, and escaped from the car, and that she ran.

"And I rejected his story that she simply got out and said, 'You dirty SOB,' or words to that effect and left in no sense of fear. I think she ran from this, terrified.

"I am going to find him Guilty of the crime charged: Assault With Intent To Commit Rape, and do so find him.

"The only thing that's bothering the Court is the legal point of whether or not he was using a knife. I do not believe that it was a knife.

"I specifically find that he was not using a knife but that he did hold something metallic against her throat in the neighborhood of 6 or 7 inches long.

"* * * * * *"

■ ORS 136.630(1) specifically declares that a special verdict is "* * * one by which the *jury* finds the facts only, leaving the judgment to the court * * *."

(Emphasis supplied.) We need not here consider whether by definition it is possible for a judge sitting as the trier of fact to render a special verdict. Nor are we here dealing with a judge's comments which are inconsistent with his decision. Implicit in the judge's comments in the case at bar are findings that the defendant held something metallic to his victim's neck and threatened to slit her throat if she refused to submit to sexual intercourse. This was clearly a finding that the defendant committed a criminal assault of the kind alleged in the indictment.

Affirmed.