Argued July 24, affirmed August 6, petition for rehearing denied
August 30, petition for review denied October 23, 1973

## STATE OF OREGON, *Respondent, v.*
## TERRENCE LEE HOWES
### (No. 29145), *Appellant.*
512 P2d 1357

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

Defendant was charged in a two-count indictment with committing (1) first degree sodomy and (2) attempted rape. Both acts were alleged to have been committed on the same female victim.

Defendant entered a plea of not guilty by reason of insanity to both counts. He was convicted on both after a jury trial.

The trial judge sentenced defendant to serve a term of 20 years on the first count and 10 years on the second, to be served consecutively. Defendant appeals contending that the trial court erred:

(1) In refusing to grant a new trial on the ground that "defendant's attorney should have been present when the state's psychiatrist examined the defendant"; and

(2) In sentencing defendant to consecutive terms "for acts involved in the same transaction."

The evidence offered by the state was that the victim and another young girl were hiking together in the vicinity of Youngs River Falls in Clatsop County. As the girls were walking along a trail, defendant came up behind them, and grabbing the victim around the neck with one arm and between the legs with the other, pulled her to the ground. Defendant

leaped up, pulled a handgun from under his coat and pointed it at the pair. He then took the two girls a short distance down the trail, ordered them to disrobe partially, lie down on their jackets, telling the victim that she would be first. The victim pulled down her slacks. The defendant then pulled down her underpanties, performed oral sodomy on her, and attempted to have intercourse with her, but was unable to penetrate. Following this defendant let the girls go. They then drove to the police office in Astoria, and reported the incident.

The evidence offered in support of defendant's insanity defense included testimony of a psychiatrist that defendant understood the criminality of his act but could not conform his behavior to the law. In addition, defendant's wife testified that the defendant kept a wig, a dress, makeup, brassieres, panties and slips in a trunk in their house; that although she had never seen her husband wear these items she had seen him wear women's pajamas and bikini-type panties. Lastly, defendant took the stand and testified that when he was 14 he had been charged with molesting a girl on a street because he put his hands between her legs; that during the street incident he realized what he was doing when he assaulted the girl but that he could not help it; that following this there were various other occasions when he assaulted women. He admitted that the attack involved in the case at bar had taken place as the two girls had described; and that during none of these occurrences was he able to control himself.

The state psychiatrist testified in rebuttal that defendant was able to conform his conduct to the requirements of the law if he chose to do so.

Defendant's first assignment concerns the denial

of his motion for a new trial, and is based on the following sequence of events: Prior to trial, defendant filed a written motion asking that his attorney be present when the state psychiatrist examined the defendant. The motion came on for hearing prior to trial before a different judge than the one who presided at the trial. The motion was orally denied by the motion judge, however no written order thereon was entered at that time.

Defendant did not renew the above motion before the trial judge, nor did he object to testimony of the state psychiatrist detailing statements made to him by defendant describing both the instant criminal attack and other prior and similar attacks upon women. Instead defendant apparently elected to base his entire defense on his insanity, utilizing the testimony of the state's psychiatrist, as expanded upon in cross-examination, to supplement other testimony as to his alleged mental defect. After trial and jury verdict defendant caused a nunc pro tunc order denying the motion to allow his counsel to be present at the psychiatrist's interview to be signed by the motion judge and added to the record. The trial judge after hearing argument of counsel denied the motion for a new trial.

We fail to see how the trial judge can be charged with error when he was never presented the opportunity during the trial to rule. *State v. Jorgensen,* 8 Or App 1, 492 P2d 312 (1971), Sup Ct *review denied* (1972).

Moreover, as in *Brudos v. Cupp,* 14 Or App 277, 512 P2d 1009 (1973), it appears that in the case at bar defendant and his counsel decided that "the only possible defense was insanity and petitioner [defendant here] was most likely to be found insane if he related

the facts of his crimes [and past crimes] in detail."
*Brudos v. Cupp,* supra at 281.

■ Only after the decision proved adverse to him did defendant renew his claim that his attorney should have been allowed to be present when defendant was interviewed by the state psychiatrist. Defendant thereby waived any objection which he might otherwise have had to the pretrial ruling and therefore may not successfully urge this contention as a ground for a new trial. *State v. Staley,* 10 Or App 395, 398, 499 P2d 1343, Sup Ct *review denied* (1972); *State v. Hollingsworth,* 2 Or App 186, 188, 189, 465 P2d 490, Sup Ct *review denied* (1970). Consequently we do not reach the question whether the motion judge erred in refusing to require that the pretrial interview by the state's psychiatrist could be conducted only in the presence of defendant's counsel.

Defendant's motion for a new trial was properly denied.

■ In his second assignment of error, defendant contends that the trial judge erred in sentencing him to consecutive terms for both sodomy and attempted rape because both acts were "involved in the same transaction" and therefore merged for purpose of sentencing. In support of his contention defendant cites *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), and subsequent cases applying that decision. Briefly stated, in *Woolard* our Supreme Court held that whenever a criminal defendant commits a breaking and entering followed by a larceny in the course of a single sequence of events, only one sentence can be imposed.

The rule announced in *Woolard* cannot be extended to a fact situation such as is involved in the

case at bar. *Woolard* was concerned solely with cases in which defendant commits both burglary and the crime which he intended to perpetrate following his unlawful entry and is based on the concomitant relationship between the burglary and the subsequent crime committed within the building burglarized.[1] No such relationship, however, exists between the act of sodomy and attempted rape charged here. *State v. Weitzel,* 157 Or 334, 69 P2d 958 (1937).

"* * * Sodomy and attempted rape are separate and distinct crimes. Neither crime is an element of the other. Evidence sufficient to establish guilt of sodomy would not necessarily show guilt of attempted rape and vice versa * * *." 157 Or at 340.

We conclude that the trial court was entitled to impose sentences for both crimes, even when, as in the case at bar, both crimes are committed against the same victim in a continuous sequence of events.

Affirmed.

---

[1] For a review of cases in which the application of the *Woolard* rule has been discussed, *see,* State v. Welch, 264 Or 388, 505 P2d 910 (1973); State v. Meyer, 12 Or App 486, 507 P2d 824 (1973).