Argued July 11, affirmed August 1, 1974

STATE OF OREGON, *Respondent, v.*
JOHN BOWMAN MILLER, *Petitioner.*

524 P2d 1399

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

TONGUE, J.

Defendant has appealed from convictions for armed robbery of a drug store and for being an ex-

convict in possession of a hand gun. He contends that the trial court erred in failing to grant a hearing on his motion to suppress evidence. The principal ground stated in that motion, and in a supporting affidavit and brief, was that the search was made without a warrant and was thus "per se unreasonable."[1] It later developed that the evidence sought to be suppressed included drugs taken from the store and the gun used in the robbery, as found by the officers in defendant's coat pockets at the time of his arrest.

In denying that motion the trial court allowed the state's motion to deny defendant's motion to suppress on the ground that it failed to conform to Lane County Circuit Court Rule 7.015 in that (1) it was unsupported by an affidavit sufficient to apprise the court and the state of the facts on which defendant relied and (2) it alleged "conclusory legal theories unsupported by facts."

The Court of Appeals affirmed the conviction. 17 Or App 352, 521 P2d 1330 (1974). Defendant's petition for review was granted because of the importance of issues involved as they relate to motions to suppress evidence seized as the result of a search without a warrant.

The Court of Appeals had previously held in *State v. Johnson/Imel,* 16 Or App 560, 519 P2d 1053 (1974), that a motion to suppress can be compared to

---

[1] Defendant's motion to suppress stated that "the search was warrantless and unlawful: 1. No probable cause existed; 2. The scope was too broad; 3. The intensity was too great." The supporting affidavit, however, was limited to a statement that "the officers who made the search did not have a search warrant" and "did not have probable cause to make a search of the defendant." The supporting brief stated the single contention that the search of a person without a search warrant is "per se unreasonable."

both a pleading and to an oral objection to evidence and that for both purposes the motion should be as "reasonably specific as possible," but indicated that a contention by a defendant that "there was no probable cause for an arrest" would be sufficient.[2] In this case the Court of Appeals found that this defendant's mo-

---

[2] In a penetrating analysis of this problem in State v. Johnson/Imel, 16 Or App 560, 519 P2d 1053 (1974), the Court of Appeals said that:

"* * * First, a motion to suppress can be compared to a pleading. Second, a motion to suppress can be compared to an oral objection to the admissibility of evidence made during the course of a trial. * * *

"A motion to suppress is, in effect, a pleading to the extent that it frames the issues to be determined in a pretrial hearing on the motion. The fundamental role of a pleading is to give an opposing party notice of the pleader's position concerning the facts and law so that the opposing party can begin to prepare his defense. A pleading thus both defines and limits the areas of consideration at a trial or other evidentiary hearing. * * *

"* * * * *

"We do not suggest that the analogy between a motion to suppress and a pleading is a perfect one. Nor do we intend that the measure of specificity used to test a pleading would be appropriate to also measure a motion to suppress. The principal difference, we believe, is that when motions to suppress are filed, defendants possibly are not and in some instances cannot be aware of all the facts. With this in mind, we conclude that a motion to suppress should be as reasonably specific as possible under the circumstances in order to give the state as much notice as possible of the contentions it must be prepared to meet at a suppression hearing. For example, as noted above, the arguments of counsel in *Johnson* indicate counsel's contentions were: (1) there was no probable cause to arrest; and (2) the misdemeanor arrest was invalid because any violation was not committed in the arresting officer's presence. If these were, in fact, the contentions advanced by the motion, then the motion could have and should have so stated.

"* * * * *

"At least as much specificity should be required in a pretrial objection to the admissibility of evidence, i.e., a motion to suppress, as is required in an oral objection made during

tion to suppress and supporting documents "contain the minimum of specificity" required by the rule of *Johnson/Imel.*

The Court of Appeals held, however, that defendant's motion to suppress did not satisfy the requirement of Lane County Circuit Court Rule 7.015; that circuit courts are authorized by ORS 3.220 (1) (b) to adopt such rules and that this rule was not unconstitutional or otherwise invalid.[2]

Lane County Circuit Court Rule 7.015 is as follows:

"(1) *All motions to suppress evidence must be accompanied by an affidavit* or affidavits on behalf of the defendant *setting forth all facts within his knowledge upon which he intends to rely in support of the motion.* The motion shall make specific reference to any constitutional provision, statute, rule, case or other authority upon which it is based and shall be accompanied by the moving party's brief which shall be adequate reasonably to apprise the court and the adverse party of the facts, arguments and authorities relied upon. Any opposition to a motion to suppress together with any opposing affidavits upon which it is based shall be in writing and shall be served and filed not more than seven

the course of a trial. In fact, even more specificity could reasonably be required because the pretrial objection can be researched and written under relatively calm circumstances, as distinguished from an extemporaneous objection made in the heat of trial. We merely point out, however, that broadly worded and vague objections are inappropriate in either context."

[2] ORS 3.220 (1) (b) provides that circuit judges for circuits having two or more circuit judges, with some exceptions, may:

"Make and promulgate all rules and regulations necessary and convenient to facilitate the transaction of the judicial business of the circuit court. However, all forms of pleadings of the circuit court shall comply with rules adopted under ORS 1.002."

(7) days after the motion to suppress has been filed. The opposition shall state the grounds thereof and, if the relief or order requested is not opposed, wholly or in part, a specific statement of the extent to which it is not opposed. Any opposition shall make specific reference to any affidavits relied on and shall be accompanied by an opposition brief adequate reasonably to apprise the court and moving parties of the arguments and authorities relied upon.

"(2) When averments in an affidavit are made upon information and belief, the affidavit shall indicate the basis thereof.

"(3) Unless otherwise ordered or permitted by the court, motions involving issues of fact shall be initially made and opposed upon affidavits. The court shall order an evidentiary hearing if necessary to resolve any conflicts on issues on fact presented by the affidavits." (Emphasis added)

In sustaining the validity of Rule 7.015 the Court of Appeals said that "[t]he wording of Rule 41 (e) of the Federal Rules of Criminal Procedure is somewhat similar * * *"[4] and that "federal courts have often denied criminal defendants evidentiary hearings on vague and conclusory motions to suppress."[5]

---

[4] Rule 41 (e) of the Federal Rules of Criminal Procedure, as amended October 1, 1972, provides:

*"Motion for Return of Property.* A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12."

[5] See Cohen v. United States, 378 F2d 751, 760 (9th Cir 1967), *cert denied,* 389 US 897, 88 S Ct 217, 19 L ed 2d 215 (1967); *United*

██ In considering the sufficiency of the motions to suppress in this case it must be kept in mind that a search and seizure without a warrant is per se unreasonable and that the state has the burden to establish the legality of the search in such a case.[6] This is not a case involving a search based upon a search warrant supported by an affidavit stating the facts upon which the warrant was based. In such a case the defendant has the burden of establishing the insufficiency or untruth of the facts stated in the affidavit supporting the search warrant. *State v. Wright,* 266 Or 163, 511 P2d 1223 (1973).

██ It follows that a motion to suppress evidence seized during a search without a warrant, supported by an affidavit stating that the search and seizure was made without a warrant, is sufficient to place that burden upon the state. It also follows that in such a case the state is not entitled to file a motion demanding that the motion to suppress be denied, but must instead proceed to satisfy its burden either at a hearing on the motion or, at the least, by an affidavit stating facts sufficient, if true, to establish the legality of the search.[7]

It is contended by the state that under Rule 7.015 the defendant was required, by affidavit attached to his motion, to set forth "all facts within his knowledge

---

States v. Carrion, 463 F2d 704, 706 (9th Cir 1972); United States v. Hickok, 481 F2d 377, 379 (9th Cir 1973); United States v. Poe, 462 F2d 195 (5th Cir 1972); and United States v. Culotta, 413 F2d 1343 (2d Cir 1969).

[6] State v. Douglas, 260 Or 60, 67-68, 488 P2d 1366 (1971), *cert denied,* 406 US 974, 72 S Ct 2420, 32 L ed 2d 674 (1972), and Coolidge v. New Hampshire, 403 US 443, 455, 91 S Ct 2022, 29 L ed 2d 564 (1971).

[7] Cf. State v. Roderick, 243 Or 105, 116, 412 P2d 17 (1966).

upon which he intends to rely in support of the motion."
If, however, a defendant intends to rely solely upon the
fact that the search and seizure was made without a
warrant, his motion to suppress, supported by an affi-
davit stating that fact, would be a statement of fact
sufficient to satisfy the requirement of that rule, at
least for the purpose of imposing upon the state the
burden to show the legality of the search.

Whether, in such a case, defendant has knowledge
of other facts would be immaterial unless he intends
to rely upon such facts in support of his motion. To
interpret Rule 7.015 to require defendant to allege
other facts in an affidavit in support of a motion to
suppress evidence seized as the result of a search
without a warrant would, in our opinion, raise serious
questions as to the validity of that rule.[8]

■ For these reasons, we hold that the trial court
erred in allowing the motion of the state to deny
defendant's motion to suppress upon the ground that it
failed to satisfy the requirements of Rule 7.015.[9]

The parties to this appeal have also raised fur-
ther questions relating to the application and validity
of Rule 7.015, as well as the proper procedure to be
followed generally in the disposition of motions to
suppress evidence seized without a warrant. Although
we recognize the importance of these questions, we

---

[8] See Comment, Procedural Problems of a Motion to Sup-
press Evidence in a Federal Criminal Case, 1 USFL Rev 188
(1966).

[9] We recognize that the motion to suppress in this case was
not limited to the contention that the search was made without a
search warrant. Having stated that fact, however, the motion to
suppress could not properly be denied *in toto* because it also
contained additional statements which might be regarded as
"vague and conclusory."

do not think it appropriate to decide them in this case because of the subsequent adoption of statutory provisions relating to motions to suppress which did not become effective until after the denial of the motion to suppress in this case.[10]

In considering whether to remand this case for a further hearing on defendant's motion to suppress, however, we find, upon examination of the record, that on the trial of this case defendant not only failed to object to the offer into evidence by the state of the gun and drugs seized at the time of defendant's arrest, but that defendant's attorney made the following statement to the court, referring to a stipulation between the parties at that time:

"* * * [T]hat is the stipulation that the district attorney and I and Mr. Miller entered into, and we agree that the evidence as stated in the stipulation can be admitted into evidence without objection."

The trial judge then specifically asked:

"Well, you have no objection to the introduction of the physical evidence?"

Defendant's attorney answered:

"No, Your Honor."[11]

The contention that defendant had waived his objection to this evidence was raised by the state on the defendant's original appeal to the Court of Appeals,

---

[10] The new Oregon Procedure Criminal Code (Oregon Laws 1973, ch 836), effective January 1, 1974, includes ORS 133.673 and 133.693, relating to motions to suppress evidence.

[11] Defendant was not represented on trial by the attorney who prepared and filed the motion to suppress, having discharged that attorney prior to trial. Similarly, defendant is not represented on this appeal by the attorney who represented him at the time of trial.

but was not discussed by that court in its opinion. Neither was it discussed in defendant's petition for review to this court. However, the contention was raised again by the state on oral argument. Defendant responded with the contention that upon the denial of his motions to suppress, he could not renew that same motion at the time of trial by reason of ORS 16.740[@] and, in addition, that upon the denial of his previous motion he was not required to renew his objection to the offer into evidence of the gun and drugs because to do so would have been futile. Cf. *Noteboom v. Savin,* 213 Or 583, 589, 322 P2d 916, 326 P2d 772 (1958).

As previously stated, however, it appears that this defendant and his attorney not only failed to object, but expressly agreed, that the evidence be received, and "without objection." This appears to be consistent with the theory or trial strategy on which this case was defended on trial, which was to admit the acts charged, but to contend that defendant was under the influence of drugs at the time and was not guilty by reason of mental disease or defect and diminished responsibility under ORS 161.295 and 161.300. Cf. *Jensen v. Gladden,* 253 Or 649, 652, 456 P2d 487 (1969); *Henry v. Mississippi,* 379 US 443, 85 S Ct 564, 13 L ed 2d 408 (1965); and *State v. Smith,* 248 Or 56, 58-59, 426 P2d 463 (1967).

In addition, the police officers testified on trial

---

[@] ORS 16.740 provides that:

"If a motion made to a judge of the court in which the action, suit or proceeding is pending is refused in whole or in part, or is granted conditionally, no subsequent motion for the same order shall be made to any other judge. A violation of this section is punishable as a contempt, and an order made contrary thereto may be revoked by the judge who made it, or vacated by the court or judge thereof in which the action, suit or proceeding is pending."

in some detail, and without objection, about the circumstances of defendant's arrest. That testimony clearly established that the search of defendant's coat for the gun and the stolen drugs was a proper and reasonable search made as an incident to a lawful arrest.

Defendant also testified at the trial of this case, but did not controvert any of such testimony by the police officers. On the contrary, defendant stipulated to the fact that he robbed the drug store; that the gun seized on his arrest was the gun used in the robbery and that the drugs seized at that time were drugs taken in that robbery. Defendant testified, however, that he was under the influence of drugs at the time of the robbery.

■ Under these circumstances, we hold that any error in the previous denial of a hearing on defendant's motion to suppress became harmless error under ORS 138.230 and under Article VII, § 3, of the Constitution of the State of Oregon. See *State v. McLean,* 255 Or 464, 474-79, 468 P2d 521 (1970), and *State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973).

For these reasons we affirm the decision by the Court of Appeals and the judgment of the trial court, but upon different grounds.