Argued February 17, reversed and remanded for trial March 29, reconsideration denied May 12, petition for review denied June 15, 1976

STATE OF OREGON, *Appellant,*
*v.*
CHARLES EDWARD GILBERT, *Respondent.*
(No. C 75-08-2595 Cr, CA 5235)
547 P2d 632

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

**THORNTON, J.**

Defendant was charged by information with criminal activity in drugs, in violation of ORS 167.207.

Prior to trial defendant moved to suppress the drugs (Ritalin tablets) taken from defendant's person on the ground that they were unlawfully seized. The trial judge allowed defendant's motion.

The state appeals.

The essential facts are as follows: About 7:45 p.m. on August 15, 1975, Officer Gearheart of the Portland Police Bureau received a telephone call from an informant advising him that defendant was standing in a doorway north of 3975 N. Mississippi Avenue and was in possession of a quantity of Ritalin in a nonprescription bottle.

The officer testified that he did not attempt to get a search warrant because he knew from experience that people involved in the drug traffic are extremely mobile, and that in the time it would take to obtain a warrant the suspect was likely to leave the scene or dispose of the drugs in his possession, or both. Accordingly, the officer went to the described location where he encountered the defendant and another person, whom the informant had also described to him. The officer identified himself, patted them down to insure that they were unarmed, advised them of their constitutional rights, informed defendant why he intended to search him and proceeded to do so. The officer found a small brown pharmaceutical bottle in one of defendant's pockets with the name "Lilly" printed on the top. He opened the bottle and found it contained eight pinkish or peach-colored tablets, each of which bore the name "Ciba" and the number "34" on one side. He recognized them as "Ritalin" tablets and seized them.

The officer testified that he believed the informant to be reliable because he had on two previous occasions

purchased drugs under police directions, and on one other occasion had furnished information which had led to the seizure of a quantity of heroin and the arrest of two people.

The trial court ruled that as a matter of law the officer did not have probable cause to search defendant's person because one can possess Ritalin lawfully if one has a prescription for the drug, and since the officer had not been specifically informed prior to the search that defendant did not have a prescription to possess the drug the seizure was unlawful.

The state contends that in establishing probable cause that a crime has been committed, it is only necessary to show that the apparent facts were such as to cause a reasonable man to conclude that the offense charged was committed, citing *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969), and related authorities including *State v. Keith,* 2 Or App 133, 465 P2d 724, Sup Ct *review denied* (1970).

Defendant argues that the trial judge's ruling was entirely correct because the police did not have probable cause to believe that a crime was being committed from either (a) the information received from the informant or (b) the alleged fact that defendant was in possession of a prescription drug in a nonlabeled prescription container.

Defendant does not challenge the reliability of the unnamed informant nor does he contend that the officer should first have obtained a warrant for the search.

■■ We cannot agree with the trial court's conclusion that before the arresting officer could search defendant it was necessary that the officer be specifically aware that defendant did not have a prescription to possess the drug. The officer testified that the informant had advised him that defendant had the Ritalin in a "nonprescription bottle." From this the officer could have inferred that defendant did not have a pre-

scription for the drug. In any event this would not be a necessary precondition to the officer's right to search if the officer otherwise had probable cause to search. *Spinelli v. United States,* supra.

Defendant also argues that the trial judge's ruling was correct for another reason, namely, that the state's evidence failed to show *how* the informant knew that defendant had the Ritalin on his person at that particular time and place. According to the officer's testimony, the information supplied by the informant did not indicate how or where the informant learned this.

A warrantless search and seizure is per se an unreasonable governmental intrusion. The state has the burden of establishing the validity of such an intrusion. *State v. Miller,* 269 Or 328, 524 P2d 1399 (1974); *State v. Basler,* 24 Or App 723, 546 P2d 1084 (1976). To justify a warrantless search, the state must prove (1) that probable cause existed to believe that a search of the person or place would disclose incriminating evidence and (2) that exigent circumstances outweighed the need for an independent judicial determination of probable cause. *State v. Basler,* supra; *State v. Poole,* 11 Or App 55, 500 P2d 726, Sup Ct *review denied* (1972).

The facts of the case at bar are substantially similar to those in *Draper v. United States,* 358 US 307, 79 S Ct 329, 3 L Ed 2d 327 (1959). There the United States Supreme Court upheld the action of the federal narcotics agent in stopping and searching Draper. The agent had previously been advised in detail by a reliable informant concerning Draper—that Draper was arriving on a particular train and would have a quantity of heroin in his possession. We believe that *Draper* is controlling on the issue of probable cause here.

Reversed and remanded for trial.