STATE OF OREGON, *Appellant,*

*v.*

JOHN STEPHEN GIRARD, *Respondent.*

(Nos. 89831, 89832, CA 4767, 4768)

(Consolidated)

548 P2d 505

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*John Henry Hingson III,* Oregon City, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

FOLEY, J.

**FOLEY, J.**

This is an interlocutory appeal by the state, pursuant to ORS 138.060(3), from circuit court orders allowing defendant's motions to suppress evidence seized by police officers from defendant's residence without a warrant. On appeal we have allowed the state's motion to consolidate the two cases against defendant for purposes of reviewing the orders below.

The facts are as follows: On the afternoon of November 13, 1974, Officer Congdon of the Clackamas County Sheriff's Office observed a pickup truck, occupied by defendant, a woman and a small child, exiting the Twin Island Springs residential area of Eagle Creek as he was returning to his own home in that area. He testified that he wrote down the truck's license number because the truck was not familiar to him as belonging to anyone residing in the area. That evening Congdon was telephoned by a caretaker at the McGahan residence in Twin Island Springs who informed him that the house had been burglarized. The McGahan residence was situated within one-eighth mile from the spot where Congdon had seen the pickup truck.

The following morning Congdon obtained a copy of a report of the investigation of the McGahan burglary. Although the report indicated that silverware and assorted coins had been stolen from the house, a complete inventory of missing property had not been made. He ran a registration check on the license number he noted the day before and found that defendant was the owner of the pickup truck. Congdon then initiated a criminal records check on defendant which disclosed that he had a record of five arrests for sex offenses, weapons' offenses and resisting arrest.

That afternoon Officer Congdon and Officer Bradshaw went to defendant's residence in Estacada. Defendant and a Mrs. Clancy answered the officers' knock and the officers identified themselves. They

[ 171 ]

requested but were denied entry. Congdon then advised the occupants that the officers were investigating a burglary and that the pickup truck parked in front of the residence was seen in the vicinity of the victims' residence. Mrs. Clancy responded by producing a letter sent to her by the McGahans who were vacationing in Hawaii. The letter indicated that the McGahans were Mrs. Clancy's landlords and that they were evicting her from the Estacada house. Defendant stated that they had, in fact, gone to the McGahan residence the day before but did so to resolve their rental difficulties with the McGahans. However, the eviction letter specified that the McGahans would not return from their vacation until December 1 (approximately two weeks later) and Officer Congdon testified that he noted this date after the letter was handed to him.

At that point Congdon advised defendant and Mrs. Clancy that the officers would stake out the house and attempt to secure a search warrant if they insisted on denying them entry to the house. They were again denied entry and the officers parked their automobile next to an adjacent house where they called for the assistance of a surveillance car. The officers testified that shortly thereafter, while they were waiting for the car, they observed a moving shadow in the yard behind the house under surveillance and that they immediately drove their vehicle up the driveway of the adjacent house for closer observation. They then saw defendant leave the back door of the house with a large pasteboard box in his arm and walk toward a fence at the furthermost part of the backyard. Upon seeing the officers, defendant quickly turned around and returned to the house with the box. The officers left their vehicle, walked across the backyard, looked over the fence, and saw a large pasteboard box laying on its side. A tape recorder was sitting next to the box, and silver, china and an afghan were laying partially out of the box.

Officer Congdon went to the back door of the resi-

dence and knocked. He testified that he heard a male voice say, " 'Hurry, they are coming.' " He identified himself and demanded entry. After receiving no response, he forced his way through the door with Officer Bradshaw entering behind him. Congdon searched the house and found defendant hiding beneath a mattress in a bedroom. After being informed that he was under arrest for burglary, defendant struggled with Congdon and a melee ensued during which Mrs. Clancy attacked Congdon with a claw hammer and defendant hit Bradshaw with a wine bottle. During the fracas defendant escaped from the officers through a bedroom window. The officers then searched the house and seized a large number of items which they believed could have been stolen from the McGahan residence. They returned the next day with a search warrant and seized additional items from the house and from defendant's pickup truck.[1]

After a hearing the circuit court judge concluded that the attempt to arrest defendant was without probable cause and that exigent circumstances did not exist justifying the warrantless seizure of evidence from defendant's residence. On appeal the state contends to the contrary, i.e., that the arrest was properly attempted and that exigent circumstances necessitated the warrantless seizure of evidence.

We begin with the fundamental principle that a warrantless search and seizure is presumed to be an unreasonable governmental intrusion the validity of which the state has the burden of establishing. *State v. Miller,* 269 Or 328, 524 P2d 1399 (1974). When the state seeks to rely on the "exigent circumstances" exception to the warrant requirement, it must prove both (1) that probable cause existed to believe that a search would disclose incriminating evidence and (2) that exigent circumstances outweighed the need for an

---

[1] Defendant was subsequently indicted for burglary in the first degree, ORS 164.225, assault in the second degree, ORS 163.175, and escape in the first degree, ORS 162.165.

independent judicial determination of probable cause. *State v. Basler,* 24 Or App 723, 546 P2d 1084 (1976); *see also State v. Poole,* 11 Or App 55, 500 P2d 726, Sup Ct *review denied* (1972); *State v. Keith,* 2 Or App 133, 465 P2d 724, Sup Ct *review denied* (1970).

Contrary to the finding of the trial court, we conclude that the circumstances delineated above, prior to the entry of the house, gave the officers probable cause to believe that defendant was indeed guilty of the burglary under investigation and thus the officers had probable cause to arrest him. That did not, however, give them carte blanche authority to search the house without a search warrant.

The next inquiry is whether exigent circumstances existed which permitted the warrantless search.

The state contends that when officer Congdon knocked at the back door and heard a voice inside say, "Hurry, they are coming," the officers had reason to enter immediately to prevent any further concealment of property and to forestall the potential resistance or escape of the suspect.

We do not find these circumstances so compelling as to justify the state's failure to secure a warrant before searching defendant's residence. After defendant's apparent attempt to conceal contraband from the burglary, the police officers were faced with essentially the same circumstances which confronted them prior to that incident. Defendant had returned to the house and again was subject to surveillance by the officers. In addition, it would have been difficult for defendant to destroy or permanently conceal the additional stolen property believed to be inside the house. The officers could easily have secured the house while seeking a search warrant. Since there were no exigent circumstances justifying the warrantless seizure of evidence from defendant's residence, the trial court properly suppressed the evidence. *See Schmerber v.*

*California,* 384 US 757, 86 S Ct 1826, 16 L Ed 2d 908 (1966); *McDonald v. United States,* 335 US 451, 69 S Ct 191, 93 L Ed 153 (1948).

Affirmed.