Argued July 19, affirmed August 23, reconsideration denied
September 29, petition for review denied November 9, 1976

STATE OF OREGON, *Appellant,*

*v.*

DAVID LEROY SELMER, *Respondent.*

(No. 93502, CA 5860)

553 P2d 1069

*John W. Burgess,* Assistant Attorney General,

Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

## FORT, J.

The state appeals from a circuit court order suppressing evidence seized by police officers from defendant's residence without a search warrant. The issue presented is whether a police officer, under the circumstances here present, may conduct a limited search of a residence without a search warrant or an arrest warrant.

■ The evidence is uncontroverted. The officers went to defendant's residence to arrest him for theft by receiving stolen property after two youths who admitted stealing a television set told the officers that defendant bought it knowing that it was stolen. Defendant was not at home at the time and the officers were admitted by defendant's wife. After requesting and being expressly refused permission to search the premises, one of the officers nevertheless walked through the house and saw the stolen television set. The officer related this fact to defendant's wife and asked her again if the officers could search the residence. Although she reluctantly then orally acquiesced, the trial court expressly found:

> "* * * that the State has failed to establish a valid consent to the search which gives rise to the evidence in question; and specifically, that there were elements of coercion which make the consent which was subsequently granted, not valid and voluntary under the law."

There was substantial evidence to support that finding.

The circuit court granted defendant's motion to suppress the evidence based in part on the above finding and after finding that no exigent circumstances existed to render the search reasonable. We agree, therefore, with the trial court's determination that the evidence seized was the fruit of an unreasonable search.

■ We proceed from the basic premise that a warrantless search and seizure in a private residence is per se an unreasonable governmental intrusion the validity of which the state must establish. *State v. Miller,* 269 Or

328, 524 P2d 1399 (1974); *State v. Basler,* 24 Or App 723, 546 P2d 1084, Sup Ct *review denied* (1976). In the absence of consent, the state must prove that probable cause existed to believe that the search would disclose incriminating evidence and show that exigent circumstances obviated the need for an independent judicial determination of probable cause. *State v. Poole,* 11 Or App 55, 500 P2d 726, Sup Ct *review denied* (1972). *See also: State v. Allen/Reed,* 12 Or App 633, 508 P2d 472 (1973).

■■ Here the state has not shown that exigent circumstances outweighed the need for a search warrant. The officers involved testified as follows regarding their failure to secure a warrant.

"Q [by defense counsel] * * * I was just curious as to why, at the point when you received this information, the product of a theft or a burglary had been sold to Mr. Selmer that you did not make application at that time for a search warrant?

"A [by Officer 1] I don't recall why we didn't.

"Q It was in the middle of the afternoon; it wasn't a matter of getting a judge out of bed, was it?

"A No, it was not.

"Q You thought you had probable cause to go over and arrest Mr. Selmer on the charge; is that correct?

"A Yes, sir.

"Q I'm wondering why you didn't feel you had probable cause to ask for a search warrant?

"A Due to the fact if I had probable cause to make the arrest, I had probable cause for the search warrant.

"* * * * *

"Q I'm kind of curious why you didn't feel you had probable cause to request either an arrest warrant or a search warrant?

"A [by officer 2] Well, that would be very time-consuming and if we could get permission to get in the house and get the TV, it would be much easier that way."

The foregoing testimony indicates that the officers did not believe that an immediate search was necessary to prevent the loss of evidence.

The state contends that the initial search was an attempt to secure the premises to prevent the loss of stolen property. However, the trial judge was not required to believe the officer's testimony that this was his purpose in searching defendant's premises. The officers did not secure the premises and obtain a search warrant. Instead, they exceeded the bounds of their permission to enter and made an unlawful search of the premises.

Since the initial search was unlawful, the trial court properly suppressed the evidence seized subsequent to that search.

Affirmed.