Argued and submitted August 30, affirmed
December 10, 1979, reconsideration denied January 17,
petition for review denied January 29, 1980 (288 Or 519)

## STATE OF OREGON,
### *Respondent,*
*v.*
## VERNARD ROBERT TAYLOR,
### *Appellant.*

### (No. 78-11-17845, CA 14032)

603 P2d 1218

Stephen A. Houze, Portland, argued the cause and filed the brief for appellant.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

[589]

BUTTLER, P. J.

Roberts, J., dissenting opinion.

**BUTTLER, P. J.**

Defendant appeals from his conviction for possession of a controlled substance, ORS 475.992, assigning error to the trial court's denial of his motion to suppress evidence, and his subsequent request for a continuance in order to refile the motion. We affirm.

In the course of a routine traffic stop for an extinguished license plate light, police officers searched defendant's automobile glove compartment and discovered amphetamine tablets. Defendant was arrested and charged with possession of a controlled substance.

Defendant filed a motion to suppress evidence as follows:

"Defendant in the above-entitled case hereby moves the court for an Order suppressing and excluding from trial of the above matter the package and its contents seized from the glove compartment of defendant's car at the time of his arrest and identified as Portland Police Bureau property receipt number 124453 and further moves for an Order suppressing and excluding from evidence all reference to said package or its contents."

Prior to jury selection on the day set for trial the trial court proposed to hear argument on the motion to suppress evidence. The state orally moved that the motion be summarily denied because it did not state the grounds for requesting suppression. The trial court granted the state's motion. Defense counsel then moved for a continuance in order to refile the motion; that motion was denied.

The motion to suppress was not sufficiently specific "under the circumstances * * * to give the state as much notice as possible of the contentions it must be prepared to meet at a suppression hearing." *State v. Johnson/Imel,* 16 Or App 560, 568, 519 P2d 1053 *rev den* (1974). At minimum, the motion should have stated that the evidence which defendant wished suppressed had been seized as the result of a warrantless search. *State v. Miller,* 269 Or 328, 524 P2d 1399 (1974). The state's motion was property granted.

[591]

Defendant could have asked for leave to amend his motion by interlineation; instead he moved for a continuance "so we can refile a motion." No particular time was requested, and the court denied the motion. A motion for a continuance is addressed to the discretion of the trial court whose ruling will not be disturbed unless an abuse of discretion is shown and there is prejudice to the accused. *State v. Young,* 1 Or App 562, 463 P2d 374, *rev den* (1970). Defendant here may have been prejudiced by being denied the opportunity to argue against the admissibility of evidence which was the basis for his arrest, but he has shown no abuse of discretion in the court's denial of his motion for an indefinite continuance made on the day of trial. It is not up to the trial court to make a record that it did not abuse its discretion.

Affirmed.

**ROBERTS, J.,** dissenting.

I do not agree with the majority that the motion for a continuance was properly denied and therefore respectfully dissent.

The following occurred at trial:
> "MR. HUNT: Your Honor, in light of that [granting of state's motion], the defense would now move for a continuance so we can refile a motion.
> "THE COURT: That would be denied."

As stated by the majority, the trial court's ruling on a motion for a continuance will not be disturbed unless there is shown an abuse of discretion and prejudice to the accused. Defendant is required by statute to make his Fourth Amendment objection to the admissibility of evidence before trial, ORS 133.673(1). He may not raise the issue during trial, *State v. Graber,* 21 Or App 765, 771, 537 P2d 117 *rev den* (1975). Defendant was clearly prejudiced by being denied the opportunity to argue against the admissibility of evidence upon which the state relied to justify his arrest.

Our decision as to whether the trial court abused its discretion should be based upon a balancing of defendant's rights against the need for expediency in the court system. *State v. Pflieger,* 15 Or App 383, 515 P2d 1348 (1973), *rev den* (1974). Since there was no determination of what delay might result from allowing defendant to amend his complaint, we have no information to weigh against defendant's right to have the state carry its burden of demonstrating the reasonableness of the warrantless search.[1] I, therefore, conclude that we have no facts before us which support the denial of defendant's motion for a continuance.

---

[1] A warrantless search is per se unreasonable. *State v. Miller,* 269 Or 328, 334, 524 P2d 1399 (1974); *Coolige v. New Hampshire,* 403 US 443, 91 S Ct 2022, 29 L Ed 2d 564 (1971).