Argued and submitted May 27, affirmed July 9, 2003

STATE OF OREGON,
*Respondent,*

*v.*

BRIDGET Y. SMITH,
*Appellant.*

00FE0076; A113755

72 P3d 657

Peter Gartlan, Chief Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Defendant appeals her conviction for possession of a controlled substance. ORS 475.992. Her sole assignment of error on appeal is that the trial court erred in denying her motion to suppress evidence that she had drugs in her possession, because their discovery was the product of a search conducted without her voluntary consent in violation of Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution. Defendant argues that, after the police arrested her, they coerced her to consent to a search of her person by giving her a legally incorrect warning, namely, that she would be charged with supplying contraband if she had drugs in her possession when they transported her to jail.[1] We conclude that defendant did not preserve that argument at trial, *see* ORAP 5.45(4), and, therefore, we affirm.

Deputy Adkins and Sergeant Hardman of the Jefferson County sheriff's office arrested defendant pursuant to a warrant for an unrelated probation violation. After the officers placed defendant in handcuffs, Adkins asked her if she had any drugs in her possession. He told her that, if she did, in order to avoid being charged with supplying contraband, she should surrender the drugs before they took her to jail. Defendant admitted that she had a bindle of methamphetamine in her pocket, and she produced it for the officers. Adkins then advised her of her *Miranda* rights. Defendant was charged with possession of a controlled substance.

At trial, defendant filed a motion to suppress the methamphetamine evidence. In her written motion, she argued that "(1) [the] evidence was obtained as a result of an illegal search conducted by Officers Adkins and Hardman; [and] (2) [the] evidence was discovered and obtained as a result of unlawful questioning of the defendant during a period of custodial interrogation conducted without the defendant being first advised of her constitutional rights."

---

[1] ORS 162.185 provides, in part:

"(1) A person commits the crime of supplying contraband if:

"(a) The person knowingly introduces any contraband into a correctional facility, youth correction facility or state hospital[.]"

*See* Or Const, Art I, §§ 9, 12; US Const, Amends IV, V.[2] At the suppression hearing, the state argued that earlier *Miranda* warnings were not required because Adkins's inquiry about whether defendant had drugs in her possession did not constitute interrogation; instead, the state argued, Adkins was asking for consent to search her. Defendant's counsel responded as follows:

> "If someone is in custody, and they are asked a question which calls for an incriminating response, then that response could be used against them in any fashion. I think the person first has to be *Mirandized* before they are asked that question. In this case, she was not given her *Miranda* rights. She was asked that question. She made a response that led to the discovery or the turning over of the controlled substances * * *.

> "I don't think that this can be viewed as a consent search. I think that's really stretching it to call it a consent search. That by asking that question, you're essentially asking somebody, 'Do we have your consent to search your pockets,' or 'Would you mind if you allowed us to ask you this question as to whether or not you have drugs on your person.' I think that's really stretching it. That's not a consent search. This is a question that calls for an incriminating response."

The court denied the motion, stating, "I think it does come down to whether it's a consent search * * *. I don't think her free-will was overborne, and I think she consented to providing the information." The court convicted defendant after a stipulated facts trial.

On appeal, defendant does not argue that the trial court should have treated Adkins's question as interrogation rather than as a request for consent to search. Instead, she adopts the court's conclusion that a search occurred but challenges the conclusion that it was consensual. She asserts that a search violates Article I, section 9, and the Fourth Amendment when the police obtain consent to search by inaccurately informing a suspect of the consequences of refusing to

---

[2] Article I, section 12, provides that "[n]o person shall * * * be compelled in any criminal prosecution to testify against himself." The Fifth Amendment provides that "[n]o person * * * shall be compelled in any criminal case to be a witness against himself * * *."

consent. *See State v. Williamson*, 307 Or 621, 626, 772 P2d 404 (1989) (holding that the defendant's consent to a search of his truck at an illegal roadblock was involuntary because police threatened to detain him until they obtained a search warrant). Defendant contends that Adkins misinformed her about the consequences of possessing drugs in jail, because a person arrested with contraband in his or her possession does not voluntarily introduce that contraband into jail and, therefore, cannot be convicted under ORS 162.185. *See State v. Tippetts*, 180 Or App 350, 43 P3d 455 (2002). It follows, she argues, that Adkins's warning that she would be charged with supplying contraband if she introduced drugs into jail was inaccurate as a matter of law. Accordingly, defendant reasons that her consent to produce the methamphetamine was involuntary.

The state responds that defendant's argument is unpreserved because she raises it for the first time on appeal. The state also argues that, even if the argument is preserved, Adkins's warning was not legally inaccurate under the circumstances and that, in any event, defendant's consent was voluntary.

Generally, we will not consider an issue on appeal that was not preserved in the trial court. *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). In *State v. Stevens*, 328 Or 116, 122, 970 P2d 215 (1998), the Supreme Court stated that

> "for purposes of preserving error, it is essential to raise the relevant issue at trial, but less important to make a specific argument or identify a specific legal source with respect to the issue raised. *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988). Although that principle imparts some degree of liberality to the preservation requirement, it does not transform that requirement into a cursory search for some common thread, however remote, between an issue on appeal and a position that was advanced at trial. Instead, in considering whether an objection at trial raised the 'issue' being advanced on appeal, an appellate court must view the facts in light of the purposes of fairness and efficiency that underlie the requirement."

To preserve an error at trial, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged

error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *Wyatt*, 331 Or at 343; *see also State v. Sweet*, 122 Or App 525, 529, 858 P2d 477 (1993) ("A written motion to suppress serves dual functions. It frames the issues that the court will be required to decide, and it notifies the state of the contentions that it must be prepared to address at the hearing on the motion.").

We conclude that defendant failed to preserve the argument on appeal. In her written motion to suppress, defendant argued that the evidence "was obtained as a result of an illegal search * * *." However, "a general objection such as 'illegal arrest' or 'illegal search' made before trial will ordinarily present no basis for reversing a trial court's ruling" on a motion to suppress. *State v. Johnson/Imel*, 16 Or App 560, 569-70, 519 P2d 1053 (1974). Defendant's written motion was not sufficiently specific to preserve the argument that she advances on appeal, because it did not explain why the search was illegal. Nor did defendant further develop the argument at the suppression hearing in response to the state's consent arguments. To the contrary, she appeared to repudiate it by arguing, "I think that's really stretching it. That's not a consent search."

Because the defendant in a criminal case is the proponent of the motion to suppress, "it is the defendant who bears the responsibility of framing the issues contemplated by the motion." *Sweet*, 122 Or App at 529. Defendant failed to frame before the trial court the only issue that she raises on appeal. Accordingly, we decline to address the merits of her assignment of error.

Affirmed.