Argued and submitted October 26, 2009, affirmed June 9, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHELLE LOUISE ROTH,
*Defendant-Appellant.*

Washington County Circuit Court
C071538CR; A138078

234 P3d 1019

David O. Ferry, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Ryan Kahn, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Rosenblum, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant was convicted on stipulated facts of unlawful possession of a controlled substance, possession of a forged instrument, and identity theft. Defendant filed a pretrial motion to suppress evidence seized in a search of her purse following a vehicle stop. She assigns error to the trial court's grant of the state's motion to strike as untimely a memorandum of law in support of her motion to suppress that she filed on the day of trial, which, in effect, resulted in the summary denial of the motion to suppress. We affirm.

We take the pertinent facts from an affidavit that defendant's trial counsel filed with defendant's motion to suppress. On June 8, 2007, a Hillsboro Police Officer stopped a vehicle because he suspected that the driver was operating the vehicle under the influence of intoxicants. Defendant was a passenger in the vehicle. The driver ultimately was arrested for driving under the influence of intoxicants. In the course of the stop, the officer questioned defendant and conducted a patdown search of defendant's person. The officer then questioned defendant further, after which he conducted a second patdown of her person. The officer ultimately took defendant into custody and then searched her purse, resulting in the discovery of the evidence that led to her convictions.

On October 16, 2007, defendant filed a motion to suppress "all evidence that resulted from the search of the defendant's purse." In the "points and authorities" section of the motion, defendant relied on the "Oregon Constitution, Article I, Section 9 and all relevant caselaw pertaining thereto. United States Constitution, Amendments IV, V and XIV and all relevant caselaw pertaining thereto." Defendant's trial attorney filed an affidavit in support of the motion to suppress that included the pertinent facts set forth above, and the following assertion that, "I have read the police reports in this matter and believe that it is questionable whether [the officer] had reasonable suspicion or probable cause to search [defendant] or her purse."

A hearing on the motion to suppress was set for November 14, 2007, the day of trial. On that day, defendant's counsel filed an eight-page memorandum in support of the

motion to suppress that included a discussion of the facts and legal principles on which defendant intended to rely. The prosecutor, anticipating that defendant would file such a memorandum, filed a motion to strike or summarily deny defendant's motion to suppress. According to the state, the motion to suppress failed to comply with Uniform Trial Court Rule (UTCR) 4.060. That rule provides, in part:

"(1)  All motions to suppress evidence:

"(a)  must make specific reference to any constitutional provision, statute, rule, case, or other authority upon which it is based; and

"(b)  must be accompanied by the moving party's brief which must be adequate reasonably to apprise the court and the adverse party of the arguments and authorities relied upon."

The premises of the state's motion were (1) the memorandum did not accompany the motion to suppress; (2) without the memorandum, the motion to suppress did not comply with UTCR 4.060(1); and (3) the state lacked sufficient time to prepare a response to the memorandum, because it was filed on the day of the hearing. Defendant, in turn, filed a written response to the state's motion to strike, asserting that the state's motion should be denied as untimely.

The following colloquy ensued:

"COURT:  The concern I have is just on first reading this; I think the defense probably has a valid motion. I mean it doesn't sound to me that the State had any basis to search the passenger even under officer safety theories, so you need a chance to explore that a little bit if you're going to try and rely on that.

"[PROSECUTOR]:  Your honor, I respectfully disagree. I think the evidence will show that this officer in the time period—there is a lot of circumstances, it's not an officer safety, and that's what she's talking about is an officer safety issue. This is completely something different than what is just on the face of this memorandum; I feel strong that I think we have a good motion to suppress.

"* * * [I]t's just frustrating because there really doesn't seem to be much of a remedy with regards to getting a memorandum slapped on you the morning of trial.

"COURT:   I agree; but I mean again that's the practical issue * * *. I think * * * you have a valid motion on the motion to strike, that's clearly not complying with the rules, [defense counsel], and you've got to do that. But I'm worried about your client and her constitutional rights being trampled by a rule, but that's what it does if I enforce the rule. I don't know where to go with this other than—I'll just grant the State's motion and let the chips fall where they will.

"The case is on for trial, so I guess we'll have to try it and eventually somebody will set it aside, if she's convicted, on the constitutional issue because I think that's clearly going to be the result, but that's not something I'm going to be worried about; I'm going to be gone.

"[PROSECUTOR]:   The State is willing to take that risk. If this comes back on (inaudible) then so be it."

Then, without first offering defense counsel an opportunity to be heard on the motion to strike, the court granted the motion to strike and asked defense counsel how she wished to proceed. Counsel replied:

"I don't know how to proceed other than to request that the Court consider a reset to allow me to re-file my motion together. I think that my client's constitutional rights are more important than a procedural violation that I made Your Honor. I do think she would have a valid basis to file a post conviction relief against me. I already did inform her of that this morning and discussed it with my office."

After a further discussion between the court and counsel about the availability of witnesses for trial and a brief recess, defendant's attorney made the following statement:

"[J]ust for the record I would like to note that I think my client does have a valid motion to suppress. It was my error on not filing the memorandum of law in a timely fashion, and I think that this is a case that will be coming back on post conviction relief. I think that my client's constitutional rights are getting violated by her not getting to litigate the motion to suppress, so we would like to proceed and preserve the record via a stip facts trial."

After a trial on stipulated facts, the court convicted defendant of all three charged offenses. Defendant appeals from the ensuing judgment of conviction, arguing that the

trial court erred by striking or summarily denying her motion to suppress, because her motion and the accompanying affidavit of counsel were sufficient to place the burden on the state to prove the lawfulness of the challenged search.[1]

Defendant's argument on appeal is straightforward. It consists of three prongs: (1) defendant's motion to suppress implicitly notified the state that she challenged the search of her purse as warrantless; (2) "[t]he burden to establish the lawfulness of a warrantless search and seizure is on the state," *State v. Sargent*, 323 Or 455, 461, 918 P2d 819 (1996); ORS 133.693;[2] and (3) without consideration of her memorandum, defendant's motion to suppress and accompanying affidavit of counsel were sufficient, under a constitutionally permissible reading of UTCR 4.060, to satisfy her obligation to provide the state and the trial court with notice of the issues to be litigated at the suppression hearing. *See State v. Miller*, 269 Or 328, 334, 524 P2d 1399 (1974) (if the defendant alleges absence of a warrant, the state must "proceed to satisfy its burden either at a hearing on the motion or, at the least, by an affidavit stating facts sufficient, if true, to establish the legality of the search").

■ The state initially replies that none of the prongs of defendant's argument is preserved. According to the state, defendant never argued before the trial court that her motion and affidavit, by themselves, complied with UTCR 4.060 but, rather, her counsel admitted that, by filing the memorandum on the day of trial, she had violated the rule. In addition, the state argues, defendant did not preserve an argument that

---

[1] Although the trial court did not expressly deny defendant's motion to suppress on the record, the state acknowledges that the effect of the court's grant of its motion to strike defendant's memorandum was the denial of defendant's motion to suppress. Accordingly, we treat the court's ruling as a denial of the motion to suppress.

[2] ORS 133.693 provides, in part:

"(3) In any proceeding [to contest the good faith, accuracy and truthfulness of the affiant] under subsection (2) of this section, the moving party shall have the burden of proving by a preponderance of the evidence that the evidence presented before the issuing authority was not offered in good faith, was not accurate and was not truthful.

"(4) Where the motion to suppress challenges evidence seized as the result of a warrantless search, the burden of proving by a preponderance of the evidence the validity of the search is on the prosecution."

the trial court's application of the rule violated any particular constitutional right of hers.

Defendant replies that her argument on appeal is preserved, because (1) the trial court made the challenged ruling without first giving her an opportunity to respond to the state's motion to strike; (2) the court seemed to appreciate that its ruling was erroneous; (3) after the court had ruled, counsel's assertion that defendant's "constitutional rights are more important than a procedural violation that I made" was sufficient to preserve her argument on appeal; and (4) defendant's counsel did not acknowledge that she had violated UTCR 4.060, but, rather, merely acknowledged that the court had so ruled.

Generally, we will not consider an issue on appeal that was not preserved in the trial court. *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). In *State v. Stevens*, 328 Or 116, 122, 970 P2d 215 (1998), the Supreme Court stated:

> "[F]or purposes of preserving error, it is essential to raise the relevant issue at trial, but less important to make a specific argument or identify a specific legal source with respect to the issue raised. *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988). Although that principle imparts some degree of liberality to the preservation requirement, it does not transform that requirement into a cursory search for some common thread, however remote, between an issue on appeal and a position that was advanced at trial. Instead, in considering whether an objection at trial raised the 'issue' being advanced on appeal, an appellate court must view the facts in light of the purposes of fairness and efficiency that underlie the requirement."

To preserve an error at trial, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *Wyatt*, 331 Or at 343.

In certain circumstances, the strictures of preservation may be relaxed or excused. As the Supreme Court recently explained,

> "[p]reservation rules are pragmatic as well as pruden-
> tial. What is required of a party to adequately present a
> contention to the trial court can vary depending on the
> nature of the claim or argument; the touchstone in that
> regard, ultimately, is procedural fairness to the parties and
> to the trial court. * * * In some circumstances, the preser-
> vation requirement gives way entirely, as when a party has
> no practical ability to raise an issue. *See, e.g., McCarthy v.
> Oregon Freeze Dry, Inc.*, 327 Or 84, 95 n 6, 957 P2d 1200,
> *modified on recons*, 327 Or 185, 957 P2d 1200 (1998) (party
> not required to take action to preserve an issue that first
> arose when court issued its order)."

*Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008); *see
also State v. Gutierrez*, 170 Or App 91, 94, 11 P3d 690 (2000)
(principles underlying preservation requirements not impli-
cated where trial court *sua sponte* entered a judgment of dis-
missal with prejudice and, hence, "there [was] no opportunity
to bring the alleged error to the court's attention before it
rule[d]").

Here, however, defendant had an opportunity to
respond to the state's written motion to strike before the
court ruled. In fact, she filed a written response to the motion
on the day of trial, asking the trial court to deny the state's
motion to strike as untimely.[3] Defendant did not advance any
of the prongs of her argument on appeal in that submission.
Moreover, the trial court afforded defendant an opportunity
to make a record in opposition to the state's motion to strike
after it had ruled, but before proceeding to trial on stipulated
facts. Nothing in counsel's objection alerted the court to her
current argument that the ruling was erroneous because her
motion to suppress and the affidavit accompanying it satis-
fied the requirements of UTCR 4.060 by demonstrating that
the challenged search was warrantless. *See State v.
Hammond*, 218 Or App 574, 584, 180 P3d 137 (2008) (where
statute required findings to be made "on the record in open
court," defense counsel had a "complete contemporaneous
opportunity" to address the trial court's noncompliance; fail-
ure to do so rendered defendant's claim of error unpreserved).

---

[3] The trial court did not expressly rule on defendant's motion but, at least
implicitly denied it by granting the state's motion to strike. Defendant does not
assign error to that ruling.

Moreover, without further explication, defense counsel's argument that defendant's "constitutional rights are more important than a procedural violation that I made," likewise did nothing to signal the argument that she makes on appeal. *See State v. Smith*, 188 Or App 573, 72 P3d 657, *rev den*, 336 Or 126 (2003) (argument that arrest was "illegal" does not preserve particular constitutional argument). Finally, the trial court's rumination that, for unstated constitutional reasons, its ruling might not be upheld, has no bearing on the preservation analysis. Accordingly, we conclude that defendant's argument is unpreserved.

■■ We next consider defendant's assertion that the trial court's ruling constitutes error apparent on the face of the record. We may reach unpreserved error if it is an "error of law apparent on the face of the record," ORAP 5.45(1), also referred to as "plain error." *See State v. Steen*, 346 Or 143, 206 P3d 614 (2009) (discussing plain error exception to preservation requirement generally). An error is "plain" for purposes of ORAP 5.45 if (1) the error is one of law; (2) the legal point is obvious, that is, "not reasonably in dispute"; and (3) to reach the error, "[w]e need not go outside the record or choose between competing inferences to find it[.]" *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990).

Although the asserted error is one of law, thus satisfying the first prong of the plain error test, defendant's argument founders on the second prong of the test. It is not obvious. It is true that, in *Miller*, the Supreme Court held that a defendant's motion to suppress gives sufficient notice of the necessary facts underlying the motion by alleging only that the search at issue was "without a warrant." *Miller*, 269 Or at 335. However, defendant acknowledges that neither her motion to suppress nor the accompanying affidavit expressly asserted that the challenged search was warrantless.

Defendant remonstrates that her counsel's assertion in her affidavit that it was questionable whether the officer had reasonable suspicion or probable cause to search defendant's purse implied that the search was conducted without a warrant. Although it is true that that assertion, together with counsel's description of the circumstances of the traffic

stop that led to the search, implied that the search was conducted without a warrant, the inference is not irresistible.[4] In any event, no appellate decision to date has held that a motion to suppress that implies—but does not expressly assert—that a challenged search was conducted without a warrant, is sufficient, without more, to satisfy the requirements of UTCR 4.060. Although that proposition may be correct, it is not ineluctably so. *Cf. State v. Sweet*, 122 Or App 525, 529-30, 858 P2d 477 (1993) (holding that a motion to suppress was insufficient where it failed to expressly assert that the challenged search was warrantless, even though the motion to suppress and accompanying affidavit showed that the search involved an officer's inquiry as to the defendant's well being for purposes of rendering emergency aid where the defendant was in his car). It follows that the asserted error is not apparent on the face of the record.

Affirmed.

---

[4] The affidavit stated that the arresting officer questioned defendant and conducted two patdown searches of her person. It then stated, "[Defendant] was ultimately taken into custody and [the officer] then conducted a search of [defendant's] purse." It said nothing about how much time passed between defendant being taken into custody and the officer searching her purse. Although the affidavit could be read to imply that the search occurred immediately after defendant's arrest, it does not exclude the possibility that the officer arrested defendant, took her to the police station, obtained a search warrant, and then searched her purse. Read in that light, counsel's assertion about reasonable suspicion or probable cause could be understood to imply that the warrant was not properly issued. Thus, it is not beyond reasonable dispute that the motion and affidavit were, by themselves, sufficient to satisfy UTCR 4.060.