Argued and submitted February 21, affirmed August 30, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FELIX ANTONIO JACINTO-LEIVA,
*Defendant-Appellant.*

Washington County Circuit Court
D142203T; A159343

404 P3d 1118

Sarah De La Cruz, Deputy Public Defender, argued the
cause for appellant. With her on the brief was Ernest G.
Lannet, Chief Defender, Criminal Appellate Section, Office
of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the
cause for respondent. On the brief were Ellen F. Rosenblum,
Attorney General, Benjamin Gutman, Solicitor General, and
Jacob Brown, Assistant Attorney General.

Before DeHoog, Presiding Judge, and Hadlock, Chief
Judge, and Sercombe, Senior Judge.*

_____

* Hadlock, C. J., *vice* Flynn, J. pro tempore.

## SERCOMBE, S. J.

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, challenging the trial court's decision to strike his motion to suppress for failing to comply with Uniform Trial Court Rule (UTCR) 4.060(1).[1] On appeal, defendant asserts that his motion to suppress satisfied the minimum requirements of the rule by stating only that a search and seizure were conducted without a warrant. He further asserts that, if "UTCR 4.060(1) requires a defendant to allege specific facts demonstrating the illegality of a warrantless search, then that rule contradicts the constitutional requirement that the state prove the legality of a warrantless search." As explained below, we affirm.

Defendant, who was charged with DUII, filed a pretrial motion to suppress. In the motion, defendant moved for an order "suppressing the warrantless search and seizure of the defendant: the stop of the defendant, search of the defendant, and seizure of any and all evidence obtained as a result therefrom, including the field sobriety tests, intoxilizer [sic] tests and all oral derivative evidence." Defendant did not file a brief in support of his motion, nor did he cite any constitutional or statutory provision as grounds for the motion. He did, however, assert that he "was subject to a search and seizure without a warrant. Warrantless searches and seizures are per se unreasonable and the state has the burden of proving otherwise. *State v. Miller*, 269 Or 328[, 334, 524 P2d 1399] (1974)."

The state moved to strike defendant's suppression motion, asserting that it failed to set forth the authorities or arguments relied upon by defendant, as required by UTCR 4.060(1). Defendant filed a written response to the motion

---

[1] UTCR 4.060(1) provides:

"All motions to suppress evidence:

"(a) must cite any constitutional provision, statute, rule, case, or other authority upon which it is based; and

"(b) must include in the motion document the moving party's brief, which must sufficiently apprise the court and the adverse party of the arguments relied upon."

to strike, again citing *Miller* in support of his view that his motion to suppress was sufficient. According to defendant, "either the pleading by the defendant in a motion to suppress alleging there was a warrantless search, (1) conforms to the requirements of [UTCR 4.060] or, (2) the validity of the rule is called into question." The court held a hearing on the motion to strike and, ultimately, agreed with the state that defendant's suppression motion in this case failed to satisfy the requirements of UTCR 4.060(1); the court was not persuaded by defendant's contention that, if his motion did not satisfy the rule, the validity of the rule was "called into question." Following a stipulated facts trial, defendant was convicted of DUII.

We review the trial court's ruling for errors of law. *See State v. Roth*, 235 Or App 441, 449, 234 P3d 1019 (2010).

Under UTCR 4.060(1), every motion to suppress evidence must "cite any constitutional provision, statute, rule, case, or other authority upon which it is based" and include a brief that will "sufficiently apprise the court and the adverse party of the arguments relied upon." As noted, defendant asserts that his motion satisfied the requirements of the rule and, thus, the trial court erred in striking it. The state, for its part, contends that defendant failed to "identify the actions that he actually challenged" and "failed to specify the authorities that he relied upon for his motion." In the state's view, the trial court may properly strike a defendant's suppression motion when the defendant has failed "to identify the warrantless searches and seizures challenged, [or] to cite specific authority."

We agree with the state that, under the circumstances, the trial court did not err in striking the motion. *Cf. State v. Oxford*, 287 Or App 580, 403 P3d 528 (2017) (trial court erred in striking, as noncompliant with UTCR 4.060(1), defendant's motion pursuant to Article I, section 9, of the Oregon Constitution, seeking to suppress evidence, including firearms, an explosive device, and oral derivative evidence, obtained from "the [warrantless] stop and seizure of the defendant, [and the warrantless] search of the defendant's residence and personal room").

As we explained in *Oxford*,

"in our view, the requirements of UTCR 4.060(1) are clear on their face. The motion must cite the authority on which it is based and, along with the accompanying brief, must 'sufficiently apprise' the court and the state of the 'arguments' relied upon by the moving party."

*Id.* at 583. Under the rule,

"a motion that generally identifies a search or seizure by the state, asserts that the search or seizure was warrantless and, therefore, *per se* unreasonable unless the state demonstrates otherwise, cites authority in support of the motion, and requests suppression of evidence obtained as a result of the search or seizure 'sufficiently apprises[s]' the court and the adverse party of the arguments relied upon by the moving party."

*Id.* (brackets in original).

In *Oxford*, we concluded that the defendant's motion pursuant to Article I, section 9, satisfied those requirements. In contrast, in this case, defendant failed to cite authority in support of his contention that suppression was required. That is, although UTCR 4.060(1)(a) specifically requires that a defendant cite the authority on which his or her suppression motion is based, here, defendant did not refer to Article I, section 9, the Fourth Amendment to the United States Constitution, or any statute or case in support of suppression.

The *only* authority set out in defendant's motion was *Miller*, a case in which the Supreme Court considered the sufficiency of a defendant's motion to suppress under a local rule similar to UTCR 4.060. Addressing the local rule's requirement that a defendant, in an affidavit attached to his motion, "set forth 'all facts within his knowledge upon which he intends to rely in support of the motion,'" the court explained that, if "a defendant intends to rely solely upon the fact that the search and seizure was made without a warrant, his motion to suppress, supported by an affidavit stating that fact, would be a statement of fact sufficient to satisfy the requirement of the rule, at least for the purpose

of imposing upon the state the burden to show the legality of the search." *Miller*, 269 Or at 334-35. Thus, *Miller* was pertinent to defendant's contentions regarding what a suppression motion must contain in order to be minimally sufficient under the UTCR. However, *Miller* itself does not provide legal authority for suppression. Citation to that case alone, in the absence of any citation of a constitutional provision, statute, case, or other authority providing substantive legal authority supporting suppression of evidence in this case, could not constitute the authority on which defendant's motion was based as is required pursuant to UTCR 4.060(1)(a). Furthermore, as noted, defendant's motion was not accompanied by a brief or supporting memorandum providing such authority. Thus, defendant's motion did not satisfy the requirement that any motion to suppress "must cite any constitutional provision, statute, rule, case, or other authority upon which it is based."

In his brief, defendant asserts that, "to the extent that the trial court ruled that UTCR 4.060(1) required [him] to allege specific facts," such a requirement would raise constitutional questions regarding the validity of the rule. However, understandably, defendant does not contend that constitutional questions are raised by the requirement that he cite the authority upon which his motion is based.

Under the circumstances, because defendant failed to cite the authority upon which his motion to suppress was based as required by UTCR 4.060(1)(a), we agree with the state that the trial court did not err in striking defendant's motion.

Affirmed.

**DEHOOG, P. J.,** concurring.

In this case, the majority holds that the trial court did not err in striking defendant's motion to suppress on the grounds that it failed to cite the authority on which it was based, and that it therefore did not meet the requirements of Uniform Trial Court Rule (UTCR) 4.060(1)(a). I agree that defendant's motion failed to satisfy UTCR 4.060(1)(a), and that the trial court, therefore, did not err in striking it.

I write separately only to make one observation. In this case, not only did defendant's motion fail to satisfy the requirement, under UTCR 4.060(1)(a), that he cite the authority on which it was based, it also raised a litany of issues without providing the state or the trial court any notion of what, exactly, defendant's contentions regarding those issues were. Specifically, in this DUII case, he sought an order

"suppressing the warrantless search and seizure of the defendant: the stop of the defendant, search of the defendant, and seizure of any and all evidence obtained as a result therefrom, including the field sobriety tests, intoxil[y]zer tests, and all oral derivative evidence."

And, not only did defendant fail to cite any authority in support of his motion, he also did not submit a brief stating what his contentions were as to each of the many discrete issues and aspects of his DUII investigation that the above-quoted language appears to implicate. For the reasons stated in my dissent in *State v. Oxford*, 287 Or App 580, 403 P3d 528 (2017), I would not view defendant's motion to suppress—which merely alleges that he was subject to a warrantless search and seizure—as sufficient under UTCR 4.060 even if defendant had cited a statutory or constitutional basis for his motion. As a result, I would uphold the trial court's decision on that additional basis, rather than suggesting, as I believe the majority opinion suggests, that the only deficiency in defendant's motion is that it cites no supporting authority, whatsoever.

Accordingly, I respectfully concur.