Submitted April 26, reversed and remanded August 30, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NATHAN DANIEL OXFORD,
*Defendant-Appellant.*

Washington County Circuit Court
C112623CR, C140104CR;
A159461 (Control), A159462

403 P3d 528

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before DeHoog, Presiding Judge, and Hadlock, Chief Judge, and Sercombe, Senior Judge.

## SERCOMBE, S. J.

In this consolidated criminal case, defendant challenges the trial court's decision to strike his motion to suppress and its subsequent entry of judgments revoking his probation and convicting him of felon in possession of a firearm, ORS 166.270, unlawful manufacture of a destructive device, ORS 166.384, and unlawful possession of methamphetamine, ORS 475.894. The trial court struck defendant's motion to suppress on the ground that the motion failed to "adequately appris[e] the Court as to what the issues are," and, therefore, failed to comply with Uniform Trial Court Rule (UTCR) 4.060(1).[1] On appeal, defendant contends that the court erred in striking the motion because "(1) defendant's motion satisfied UTCR 4.060(1), and (2) a defendant is not required to allege specific facts and arguments when contesting whether a warrantless search violates Article I, section 9, of the Oregon Constitution."[2] As explained below, we reverse and remand the judgments of the trial court in this case.

Defendant was arrested and indicted for, among other things, felon in possession of a firearm, unlawful manufacture of a destructive device, and unlawful possession of methamphetamine. He had previously been convicted of felon in possession, and was on probation for that conviction at the time of his arrest. Defendant filed a pretrial motion to suppress evidence. In his motion to suppress, defendant moved, pursuant to Article I, section 9, for an order suppressing "the stop and seizure of the defendant, search of defendant's residence and personal room, and the seizure of any and all evidence obtained as a result therefrom, including the firearms and explosive device, and all oral derivative

---

[1] Pursuant to UTCR 4.060(1):

"All motions to suppress evidence:

"(a) must cite any constitutional provision, statute, rule, case, or other authority upon which it is based; and

"(b) must include in the motion document the moving party's brief, which must sufficiently apprise the court and the adverse party of the arguments relied upon."

[2] Article I, section 9, provides, in part, that "[n]o law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure."

evidence." Citing *State v. Miller*, 269 Or 328, 334, 524 P2d 1399 (1974), he asserted that he had been subject to a warrantless search and seizure, which was "per se unreasonable," and the "state has the burden of proving otherwise." Also relying on *Miller*, defendant further stated that he was "not required to allege any additional facts in a motion to suppress."

In a brief in support of his motion to suppress, defendant discussed UTCR 4.060, *Miller*, and related cases at length. It was his position that his motion complied with the rule and that, in view of the rule and applicable case law, "the burden of production shifts to the state upon a claim that the search was warrantless, and the defendant's motion must be granted unless and until the state produces evidence and argument to overcome the per se unreasonable search against which the defendant has constitutional protections."

At a pretrial scheduling hearing, defendant's counsel discussed scheduling for the suppression motion. The following exchange ensued:

"THE COURT: Is this one of those motions where you didn't file the affidavit, all that stuff? Didn't comply with the [U]TCRs?

"[COUNSEL]: It's hard to say. I believe I am complying with [U]TCR.

"THE COURT: So this is one of those motions. I think your answer to my question is, yes, it is one of those. I just want to make sure, so I get a good idea of which judge I need to send it to * * * to make sure it's dismissed without even being heard[.]"

At a later hearing relating to the motion to suppress, the court observed that the state had not moved to strike and it appeared that the state did not intend to file such a motion. However, the court, on its own motion, struck defendant's motion, stating that, "as far as the Court is concerned, what you filed in this case is not sufficient."

Thereafter, as noted, defendant was convicted of felon in possession, unlawful manufacture of a destructive device, and unlawful possession of methamphetamine. In

addition, the court revoked defendant's probation on his existing felon-in-possession conviction, based on the finding that defendant had "violated the terms and conditions of his probation by committing new crimes (in [the consolidated case,] C140104CR)."

On appeal, defendant asserts that the court erred in striking the motion to suppress. We review the trial court's ruling in this case for legal error. *See State v. Roth*, 235 Or App 441, 449, 234 P3d 1019 (2010).

UTCR 4.060(1) provides:

"All motions to suppress evidence:

"(a) must cite any constitutional provision, statute, rule, case, or other authority upon which it is based; and

"(b) must include in the motion document the moving party's brief, which must sufficiently apprise the court and the adverse party of the arguments relied upon."

As noted, defendant asserts that his motion satisfied the requirements of that rule and was "sufficient under *Miller* and this court's decisions." The state responds that the motion was insufficient to frame the issues in the case. We conclude that defendant has the better argument: The motion satisfied the requirements of the UTCR and was sufficient to require shifting the burden to the state to demonstrate the legality of the warrantless search.

We begin by observing that, in our view, the requirements of UTCR 4.060(1) are clear on their face. The motion must cite the authority on which it is based and, along with the accompanying brief, must "sufficiently apprise" the court and the state of the "arguments" relied upon by the moving party. The rule contains no requirement that a suppression motion contain detailed factual arguments. Instead, a motion that generally identifies a search or seizure by the state, asserts that the search or seizure was warrantless and, therefore, *per se* unreasonable unless the state demonstrates otherwise, cites authority in support of the motion, and requests suppression of evidence obtained as a result of the search or seizure "sufficiently apprise[s]" the court and the adverse party of the arguments relied upon by the moving party.

That understanding is consistent with the purposes that are to be served by a defendant's motion to suppress. As we have explained, "[a] written motion to suppress 'serves dual functions[:] [i]t frames the issues that the court will be required to decide, and it notifies the state of the contentions that it must be prepared to address at the hearing on the motion.'" *State v. Parnell*, 278 Or App 260, 265, 373 P3d 1252 (2016) (quoting *State v. Sweet*, 122 Or App 525, 529, 858 P2d 477 (1993) (second and third brackets in original)); *see also State v. Anderson-Brown*, 277 Or App 214, 220, 369 P3d 1248, *rev den*, 360 Or 465 (2016).

It is undisputed that, "[u]nder Article I, section 9, warrantless entries and searches of premises are *per se* unreasonable unless falling within one of the few 'specifically established and well-delineated exceptions' to the warrant requirement." *State v. Baker*, 350 Or 641, 647, 260 P3d 476 (2011) (quoting *State v. Davis*, 295 Or 227, 237, 666 P2d 802 (1983)). "The state has the burden of proving that circumstances existing at the time were sufficient to satisfy *any* exception to the warrant requirement." *Id.* (emphasis added); *see also State v. Bonilla*, 358 Or 475, 480-81, 366 P3d 331 (2015) (discussing consent exception to the warrant requirement); *State v. Fessenden / Dicke*, 355 Or 759, 764-65, 333 P3d 278 (2014) (discussing emergency aid and exigent circumstances exceptions to the warrant requirement); *State v. Meharry*, 342 Or 173, 177, 149 P3d 1155 (2006) (discussing exigent circumstances "exception" to warrant requirement and "automobile exception" as "subset of the exigent circumstances exception"); *State v. Krause*, 281 Or App 143, 146, 383 P3d 307 (2016), *rev den*, 360 Or 752 (2017) (search incident to arrest exception to the warrant requirement); *State v. Smith*, 277 Or App 298, 302-03, 373 P3d 1089, *rev den*, 360 Or 401 (2016) (discussing officer safety exception to the warrant requirement); *State v. Cherry*, 262 Or App 612, 616, 325 P3d 813 (2014) ("One exception to the warrant requirement is the 'inventory' exception."). Thus, a motion that seeks suppression of evidence obtained as the result of a search or seizure that the defendant asserts was conducted without a warrant and was, therefore, *per se* unreasonable, sufficiently apprises the court and the state of the defendant's argument, and

shifts the burden to the state to demonstrate the legality of the search.

In *Miller*, the Oregon Supreme Court considered circumstances similar to those presented in this case. There, the trial court had denied the defendant's motion to suppress on the ground that the motion failed to conform with a local court rule that required that a motion to suppress be "accompanied by an affidavit or affidavits on behalf of the defendant setting forth all facts within his knowledge upon which he intends to rely in support of the motion." 269 Or at 332. The rule further required that the motion "make specific reference to any constitutional provision, statute, rule, case or other authority upon which it is based and shall be accompanied by the moving party's brief which shall be adequate reasonably to apprise the court and the adverse party of the facts, arguments and authorities relied upon." *Id*. In denying the motion, the trial court reasoned that "(1) it was unsupported by an affidavit sufficient to apprise the court and the state of the facts on which defendant relied and (2) it alleged 'conclusory legal theories unsupported by facts.'" *Id*. at 330. The Supreme Court held that the trial court erred.

The Supreme Court first explained that, in considering the sufficiency of a motion to suppress, "it must be kept in mind that a search and seizure without a warrant is per se unreasonable and that the state has the burden to establish the legality of the search in such a case." *Id*. at 334. Accordingly, "a motion to suppress evidence seized during a search without a warrant, supported by an affidavit stating that the search and seizure was made without a warrant, is sufficient to place that burden upon the state." *Id*. And, in such a case, the state is not entitled to simply demand that suppression be denied, but must, instead, "proceed to satisfy its burden." *Id*. Addressing the local rule's requirement that a defendant, in an affidavit attached to his motion, "set forth all facts within his knowledge upon which he intends to rely in support of the motion," the court stated that, if "a defendant intends to rely solely upon the fact that the search and seizure was made without a warrant, his motion to suppress, supported by an affidavit stating that fact, would be a statement of fact sufficient to satisfy the requirement of

the rule, at least for the purpose of imposing upon the state the burden to show the legality of the search." *Id.* at 334-35 (internal quotation marks omitted); *see also Roth*, 235 Or App at 449 ("[I]n *Miller*, the Supreme Court held that a defendant's motion to suppress gives sufficient notice of the necessary facts underlying the motion by alleging only that the search at issue was 'without a warrant.'"); *Sweet*, 122 Or App at 529-30 (holding that a motion to suppress was insufficient where it failed to expressly assert that the challenged search was warrantless). The court further observed that to interpret the local rule to require that, in order to file a sufficient motion, a defendant must allege additional facts "in an affidavit in support of a motion to suppress evidence seized without a warrant would *** raise serious questions as to the validity of that rule." *Miller*, 269 Or at 335. Based on that reasoning, the court held that the trial court erred in concluding that the defendant's motion failed to satisfy the requirements of the local rule.

Here, as required by UTCR 4.060(1)(a), defendant's motion cited authority on which defendant relied, specifically, Article I, section 9, and *Miller*. It apprised the court and the state that defendant challenged specific searches and seizures: the state's "stop and seizure of the defendant," and the state's "search of the defendant's residence and personal room."[3] The motion set forth defendant's position that the searches and seizures had been warrantless and that "[w]arrantless searches and seizure are per se unreasonable." And it laid out the evidence that defendant sought to have suppressed: "any and all evidence obtained as a result" of the warrantless search and seizure of defendant and the warrantless search of defendant's residence and personal room, "including the firearms and explosive device, and all oral derivative evidence." Defendant's assertions in his

---

[3] We acknowledge that there could be cases in which the materials before the court at the time the suppression motion is filed would mean that averments like these would not adequately "frame[] the issues that the court will be required to decide." *Parnell*, 278 Or App at 265 (internal quotation marks omitted). For example, if an indictment charged a defendant with possession crimes that occurred over a broad range of dates, possibly suggesting that multiple searches and seizures had occurred, perhaps a bare reference to "the stop and seizure of the defendant" would be inadequate to apprise the court and state about *which* seizure was being challenged. No such ambiguity is present in this case.

motion and brief in support "sufficiently apprise[d]" the court, UTCR 4.060(1)(b), and were sufficient to satisfy the requirements of the rule, "at least for the purpose of imposing upon the state the burden to show the legality of the search." *Miller*, 269 Or at 334. Under the circumstances, the trial court erred in striking defendant's motion for failure to comply with UTCR 4.060(1). Defendant was entitled to have his suppression motion considered on its merits.[4] Accordingly, we reverse and remand the judgments in the consolidated cases.[5]

Reversed and remanded.

**DEHOOG, P. J.,** dissenting.

In *State v. Miller*, 269 Or 328, 524 P2d 1399 (1974), the Oregon Supreme Court construed a Lane County Circuit Court rule that, unlike Uniform Trial Court Rule (UTCR) 4.060, required that any motion to suppress evidence be accompanied by an affidavit "setting forth all facts within [the defendant's] knowledge upon which" the defendant intended to rely in support of the motion. *See former* Lane County Circuit Court (LCCC) Rule 7.015 (setting forth those requirements); *Miller*, 269 Or at 332-33 (quoting LCCC Rule 7.015). In holding that the trial court had erred in striking a motion to suppress for failing to comply with LCCC Rule 7.015, the court concluded that the defendant's motion *had*, in fact, satisfied that rule, because it stated that the challenged search and seizure were made without a warrant. 269 Or at 334. The court reasoned that to conclude otherwise— that is, that the motion to suppress was insufficient for

---

[4] We note that the state asserts that, even if defendant's motion was sufficient to proceed, he is entitled only "to reversal of his convictions and remand for the trial court to hold a suppression hearing, with a new trial to be held only if it grants suppression." We decline the state's invitation to specifically limit the remand in this case. Under the circumstances, we conclude that it is appropriate to leave it up to the trial court to determine, after considering defendant's motion to suppress, whether a new trial is required or appropriate. *See State v. Baughman*, 361 Or 386, 410-11, 393 P3d 1132 (2017) (leaving to the trial court the decision about the appropriate proceedings on remand).

[5] As noted, the judgment revoking defendant's probation was based on the finding that defendant had "violated the terms and conditions of his probation by committing new crimes (in [the consolidated case,] C140104CR)." Thus, it is undisputed that, if defendant's convictions are reversed and remanded, the probation revocation judgment should be reversed and remanded as well.

failing to state facts beyond the assertion that there had been a warrantless search and seizure—would raise serious questions regarding the constitutionality of the rule. *Id.* at 335.

In this case, as in *Miller*, defense counsel filed a motion stating that "defendant was subject to a search and seizure without a warrant." Counsel added: "Warrantless searches and seizures are per se unreasonable and the state has the burden of proving otherwise."[1] And, as the majority explains, 287 Or App at 585-86, an assertion that there has been a warrantless search and seizure states a minimally sufficient *factual* basis for "imposing upon the state the burden to show the legality of the search." *Miller*, 269 Or at 335 (where the defendant intended to rely solely upon the fact that a search and seizure was made without a warrant, an affidavit stating that *fact* would satisfy local rule). Thus, if one could read the majority opinion to simply construe UTCR 4.060 in light of *Miller*, then I would join in the result without reservation. That is, I agree with the limited proposition that, under UTCR 4.060, a motion to suppress that states that the defendant challenges a warrantless search is not deficient merely because it lacks additional factual detail.[2]

In my view, however, the majority opinion is not so circumscribed. It does not merely apply *Miller*'s holding regarding the level of factual detail that may be required in a motion to suppress. Instead, the majority appears to suggest that, as long as a motion to suppress includes an assertion that the defendant has been subjected to a warrantless

---

[1] Other than citing *Miller* in support of that proposition, the only statement of authority in defendant's motion is a single line: "Authority: Oregon Constitution Art. [I] sec. 9." Presumably this is intended to comply with the requirement under UTCR 4.060(1)(a) that all motions to suppress "cite any constitutional provision * * * or other authority upon which it is based[.]" *See State v. Jacinto-Leiva*, 287 Or App 574, 404 P3d 1118 (2017) (concluding that trial court did not err in striking motion to suppress that failed to cite any statute, case, or constitutional provision as supporting authority).

[2] In *Miller*, the defendant's assertion that the challenged search had been conducted without a warrant was stated in an affidavit, as LCCC Rule 7.015 contemplated. Under UTCR 4.060, however, there is no specific requirement that factual assertions be submitted in any particular form and, for purposes of this opinion, I assume that the assertions of defendant's motion satisfy the same purpose that the defense's affidavit did in *Miller*.

search and seizure, a trial court may not require any further explanation of the defendant's argument, even if the court justifiably concludes that the motion does not "sufficiently apprise the court and the adverse party of the arguments relied upon." UTCR 4.060(1)(b).

Like the trial court in this case, I do not read *Miller* that broadly. *Miller* dealt with a defendant's burden of coming forward with facts to support a motion to suppress—it did not hold that a defendant could simply invoke the phrase "warrantless search and seizure" and thereby be relieved of any further obligation to give the state and trial court notice of the contentions being raised. Furthermore, the majority's suggestion that requiring such notice is constitutionally impermissible will unnecessarily hamper courts in their efforts to manage their dockets and address meritorious motions to suppress, while inevitably lowering the quality of representation that some defendants receive. Thus, even though I agree that, in some instances, a motion that merely states that the defendant has been subjected to a warrantless search will marginally satisfy the requirements of UTCR 4.060, I do not agree that the trial court erred in concluding that defendant's motion failed to do so here. Accordingly, I must respectfully dissent.

To better understand why I do not believe that it was error to strike defendant's motion to suppress, it is helpful to review how the issue developed in the trial court. The first judge to address defendant's motion observed that it was not accompanied by an "affidavit, all that stuff," and that, in his view, it therefore did not comply with the Uniform Trial Court Rules. That judge set it for hearing before a second judge, with the expectation that defendant's motion would be "dismissed without even being heard."

At the ensuing hearing, however, the deputy district attorney assigned to defendant's case did not ask the court to deny defendant's motion without a hearing. Instead, she provided the court with the following background:

> "And, Your Honor, regarding the Motion to Suppress * * * it does not specify with particularity what [defense counsel] is going to be contesting. He and I have had several conversations about this issue. I let him know that I

need to know for purposes of court efficiency and for preparation which points in which he will be contesting. *And he has indicated to me that he is going to be contesting the initial entry by the officer into the apartment and then the entry into the defendant's bedroom for a search.* So I told him that if he's going to commit to those two points of entry—I'm sorry, those two issues as to Motion to Suppress, *that I can now prepare myself for the motion, and I would be ready to proceed on that.* So, with those comments in mind, we are ready to proceed on the Motion to Suppress regarding what [defense counsel] has told me in the past, which is the entry into the apartment, and then later on the entry into [defendant's] bedroom."

(Emphases added.) Thus, although defendant's written motion contended that he had been "subject to *a* search and seizure without a warrant" (emphasis added), counsel had, before the hearing began, explained to the state—but not to the court—that, in fact, he was contending that multiple unlawful searches had occurred. Moreover, defense counsel continued at the hearing to clarify the intended scope of his motion:

"And if I just might be a little more clear about that. There were multiple officers who entered the apartment, and so technically each of them—of their entries into the apartment, as well as, yes, definitely the entry into the defendant's bedroom."[3]

In other words, even though defense counsel had notified the state that he would be contending that more than one act constituted an unlawful search, his comments at the hearing suggested that he had not yet fully advised the state as to whose conduct he believed constituted unlawful searches. For its part, the trial court noted that defense counsel's efforts to notify the state ahead of time did nothing to satisfy defense counsel's obligations under UTCR 4.060 to

---

[3] On appeal, defendant explains that officers arrived at his home in response to a 9-1-1 call that he had made after his roommate suffered a drug overdose; that another acquaintance showed the first officer in and led him to defendant's bedroom where he was administering CPR to his roommate; that other officers and medical professionals also arrived; and that one of those other officers told defendant that he was investigating the overdose and obtained defendant's consent to search his bedroom, leading to the discovery of evidence of illegal possession of firearms, explosives, and drugs.

also "apprise *the court*" of the arguments defendant intended to make:

> "So, [defense counsel], I'm sure you're aware that the Court has had conversations about the Motion to Suppress that you have or have not filed in this case. This is an interesting turn of events in the sense that at least you and the State have had conversations about what your particular issues are. So, it sounds like the State is not going to strike or move to strike, but, frankly, as far as the Court is concerned, what you filed in this case is not sufficient.

> "As to what is required under the UTCRs, *for purposes of the brief, and adequately apprising the Court as to what the issues are*, given what is now transpiring, frankly, I'm not quite sure what the Court's going to do as far as what you filed in this case. I have read your eight-page memo as to why you don't think you need to file anything further. Frankly, I've also read *State v. Miller*. I disagree with you as to what *Miller* says.

> "So, I'm curious as to why, if you were willing to give the State information about what your issues are with the search, why you didn't tell the Court what the issues were."

(Emphasis added.)

The trial court's uncertainty "as to what the issues [were]" is not at all surprising. Defendant's motion sought an order

> "suppressing the warrantless search and seizure of the defendant: the stop and seizure of the defendant, search of the defendant's residence and personal room, and the seizure of any and all evidence obtained as a result therefrom, including the firearms and explosive device, and all oral derivative evidence."

From the exchange at the hearing, it is evident that neither the state nor the court understood from defendant's written motion to suppress what exactly he was contesting. True, the motion made it clear that defendant contended that there had been *a* search for which there was no warrant, but how many searches? Of what? Or of whom? The state, at least, was able to learn from defense counsel that defendant was contending that at least two distinct searches had taken place—one when the first officer entered his apartment,

and another upon the entry into his bedroom—but the trial court, of course, was not privy to that conversation until the prosecutor related it to the court.

Thus, before commencing the hearing, the trial court could reasonably have had in mind the following questions, among others:

- Is the "search of the defendant's residence and personal room" a single search, requiring only a single justification, or multiple searches, each requiring its own justification?

- Is the phrase "search of the defendant's residence and personal room" intended to describe in greater detail "the search and seizure of the *defendant*" (emphasis added), or is defendant contending that there was a search of his person in addition to the search(es) of his home?

- Is the language following the colon in defendant's motion intended to further describe the "warrantless search and seizure of the defendant," and, if so, what does defendant mean when he uses "stop and seizure" to describe a *search*?

- If the "stop and seizure of the defendant" is intended to identify an event distinct from any search and seizure, does defendant contend that warrantless stops, like warrantless searches, are presumptively invalid, and, if so, what authority does defendant rely on for that proposition?

- Assuming that defendant is, in fact, challenging a temporary detention (the "stop and seizure"), what conduct does he contend constituted a stop?

In my view, a motion to suppress that, on its face, raises at least that many questions does not "sufficiently apprise the court and the adverse party of the arguments relied upon." UTCR 4.060(1)(b). Moreover, nothing in *Miller* or our own cases citing *Miller* or UTCR 4.060 compels the conclusion that defendant's motion satisfied the requirements of that rule.

In *Miller*, the trial court denied the defendant's motion to suppress because "(1) it was unsupported by an affidavit sufficient to apprise the court and the state of the facts on which defendant relied and (2) it alleged 'conclusory legal theories unsupported by facts.'" 269 Or at 330. The defendant's motion, however, was accompanied by an affidavit stating that the officers who searched the defendant had neither a warrant nor probable cause to search. *Id.* at 330 n 1. The defendant also submitted a supporting brief that stated that the warrantless search of a person is "'per se unreasonable.'" *Id.* at 330. Notably, the defendant in *Miller* challenged only a single search of his coat pockets. *Id.*

In reversing the trial court, the Supreme Court acknowledged the state's argument that, under LCCC Rule 7.015, a defendant was required to submit an affidavit setting forth "all facts within his knowledge upon which he intends to rely in support" of his motion to suppress. *Miller*, 269 Or at 334-35. The court held, however, that, because the defendant's affidavit set out the facts supporting his motion—*i.e.*, that the search had been warrantless—any other facts within the defendant's knowledge "would be immaterial *unless* he intends to rely upon such facts in support of his motion." *Id.* at 335 (emphasis added). Accordingly, the court held that the defendant's motion satisfied LCCC Rule 7.015, noting that, if the rule required more, its constitutionality might be in doubt. *Id.*

Several points stand out in *Miller*. One is that its focus is on the factual sufficiency of a motion to suppress the fruits of a single warrantless search—it does not say that a trial court could not require greater specificity if, for example, the defendant intended to argue that more than one search occurred or that the search exceeded its lawful intensity; in such a case, it appears a trial court *could* require the defendant to provide more. *Id.* (stating that other facts are immaterial *unless* the defendant intends to rely on them in support of his motion).

Another notable point is that, because *Miller* focuses on the defendant's factual allegations, that decision provides little guidance regarding the requirement, under LCCC Rule 7.015, that the defendant's brief "be adequate

reasonably to apprise the court and the [state] of the * * * arguments and authorities relied upon." In this case, the trial court evidently relied on the corresponding language in UTCR 4.060(1)(b) when it struck defendant's motion.[4] And when, as in this case, a motion to suppress appears to raise multiple legal questions and rely upon more than just the fact that a specific search was warrantless, *Miller*, in my view, does not require a court to go into a motion hearing blind as to what those other issues might be.

The final salient point about *Miller* is that it cites with approval—and quotes at considerable length—our decision in *State v. Johnson/Imel*, 16 Or App 560, 562, 519 P2d 1053, *rev den* (1974), in which we held that "a written motion to suppress evidence must specify with particularity the grounds upon which the motion is based[.]" In *Miller*, the court endorsed our assessment that a motion to suppress functions much like a pleading, in that "'it frames the issues to be determined in a pretrial hearing on the motion[,]'" as well as our resulting conclusion: "'[A] motion to suppress should be as reasonably specific as possible under the circumstances in order to give the state as much notice as possible of the contentions it must be prepared to meet at a suppression hearing.'" 269 Or at 331 n 2 (quoting *Johnson/Imel*, 16 Or App at 567-68).[5]

Notably, in concluding that the defendants' motions in *Johnson/Imel*—both of which we characterized as "shotgun" motions to suppress—failed to meet that standard, we

---

[4] As noted above, in advising defense counsel that his motion was not sufficient, the trial court cited the UTCRs and stated that, "for purposes of the brief, and adequately apprising the Court as to what the issues are," what was filed was "not sufficient."

[5] The Supreme Court also quoted our suggestion that the degree of specificity required is at least as great as in an objection raised in the course of trial:

"'At least as much specificity should be required in a pretrial objection to the admissibility of evidence, i.e., a motion to suppress, as is required in an oral objection made during the course of a trial. In fact, even more specificity could reasonably be required because the pretrial objection can be researched and written under relatively calm circumstances, as distinguished from an extemporaneous objection made in the heat of trial. We merely point out, however, that broadly worded and vague objections are inappropriate in either context.'"

*Miller*, 269 Or at 331 n 2 (quoting *Johnson/Imel*, 16 Or App at 569).

also stated our belief that requiring motions to suppress to "define the issues to be determined by the trial court" did not impose an unwarranted burden on defendants. 16 Or App at 572. And, in this case, defendant merely contends that, in light of *Miller*, he is not required to do anything more that allege a warrantless search to put the state to its burden of proving that the search was justified; he does not contend that, to the extent that his motion raises other issues, it would impose an unconstitutional burden to require him to identify those issues with particularity and provide authority for his position. *Cf. Jacinto-Leiva*, 287 Or App at 578 ("[U]nderstandably, defendant does not contend that constitutional questions are raised by the requirement that he cite the authority upon which his motion is based."); *State v. Anderson-Brown*, 277 Or App 214, 220, 369 P3d 1248, *rev den*, 360 Or 465 (2016) (noting, in regard to preserving suppression arguments for appeal, a defendant's "responsibility of framing the issues contemplated by the motion," and "do[ing] so in a way that makes the defendant's contention sufficiently clear to the state and the trial court so that they have the opportunity to understand the contention and fairly respond to it" (internal quotation marks omitted)).

Indeed, given the prosecution's willingness to go forward with the motion hearing in this case, the only undue burden here was on the trial court and its docket. In addition to having to speculate as to what defendant's contentions might be—with no opportunity to review those issues in advance of the hearing—the trial court was at the mercy of the state and its willingness to proceed. That is, the prosecutor indicated that, based on her conversation with defense counsel, she felt that she was prepared to respond to his contentions. But, given the evolving nature of defense counsel's motion, the court could reasonably have foreseen a request by the state to continue the hearing to allow it a meaningful opportunity to address some new issue that emerged midway through the proceeding, a request that the trial court could not reasonably deny. The resulting delays and needless consumption of judicial resources are readily imagined. In my opinion, neither *Miller*, nor any other authority, requires trial courts to cede control of their dockets in that way.

Finally, I recognize that one could argue that, because defendant's motion was sufficient to challenge "a" search on the grounds that it had been warrantless, the trial court erred in striking defendant's motion in its entirety. *See Miller*, 269 Or at 335 n 9 (where motion sufficiently raised issue of warrantless search, it was error to strike motion *in toto* on grounds that it also contained additional vague and conclusory assertions). Here, however, unlike in *Miller*, there was not a single identifiable search to which defendant's motion clearly was directed. As discussed above, it was evident at the start of the hearing that defendant intended to challenge multiple searches. The trial court was not required to work through *which* of those searches the motion adequately identified before striking the motion as to any other search or issue defendant sought to address. Accordingly, I cannot agree that the trial court erred in striking defendant's motion.

For the foregoing reasons, I respectfully dissent.